...

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ALICE RUTH; | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action. Plaintiffs define the class as (a) all natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

Plaintiffs further request that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs states:

### NATURE OF THE CASE

1. This lawsuit alleges that M.R.S. Associates, Inc. ("MRS") violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by sending illegal form letters to persons who owed K-Mart money.

2. Specifically, the letter that MRS sent to the plaintiff states that "If for

1

some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter." (Appendix A). This language is a misstatement of the debtor's verification rights under 15 U.S.C. §1692g, because the debtor may dispute and request verification of the debt for a variety of reasons, not just because she does not believe it is invalid. For example, a consumer might send a verification letter if:

    a.    she simply does not recognize the debt;

    b.    she questions the amount of the claimed debt or how it was computed;

    c.    she believes that the debt is valid but that credit has not been given for all payments made;

    d.    in the case where two or more collection agencies have sought payment and the debtor is unsure who the creditor has authorized to act;

or any of a number of other reasons which do not require that the debtor believe that the debt is not valid. DeSantis v. Computer Credit, Inc., 269 F.3d 159 (2d Cir. 2001).

    3.    In addition, the MRS's form letter is confusing and misleading with respect to the amount the recipient must pay. The letter gives an "account balance" at the top, but states that "interest may accrue on unpaid balances." The debt is a credit card, which normally does accrue interest; however, the letter does not definitely state whether or not it does accrue. The letter then demands that the debtor "honor your contractual obligation," which could be the "account balance," or the "account balance" plus interest. Nothing informs the debtor how to compute or find out the amount to be paid. See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir. 2004).

## **CLASS CERTIFICATION REQUIREMENTS**

4. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

5. The class is so numerous that joinder of all members is impractical. Defendant has estimated the class size as defined in the complaint at 3,806. (Appendix B).

6. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The primary question is whether MRS's collection letter violates the FDCPA.

7. The only individual issue is the identification of the consumers who received the offending collection letters, a matter capable of ministerial determination from defendant's records.

8. Plaintiffs' claims are typical of those of the class members. All are based on the same factual and legal theories.

9. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in bringing class actions and collection abuse claims. (Appendix C).

10. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

    b. Consumers are unlikely to recognize the violation.

    c. A class action is necessary to determine that defendant's conduct is

3

a violation of law and bring about its cessation.

11. In further support of this motion, plaintiffs submit the accompanying memorandum of law.

WHEREFORE, plaintiffs respectfully request that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

Alexander H. Burke

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Alexander H. Burke
EDELMAN, COMBS, LATTURNER & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

J:\Case\mrs11.388\pleading\clsmot.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ALICE RUTH, | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

### NOTICE OF MOTION

TO:　David M Schultz, Esq.
　　　Todd Stelter, Esq.
　　　HINSHAW & CULBERTSON, LLP
　　　222 N LaSalle St, Ste 300
　　　Chicago, IL 60601-1081
　　　(312) 704-3000
　　　(312) 704-3001 FAX

**PLEASE TAKE NOTICE** that on December 1, 2004, at 9:00 a.m. or as soon thereafter as we may be heard, we will appear before Judge Reinhard, Courtroom 220, 211 S. Court St., Rockford, IL 61101, and present **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** and **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, copies of which are attached and hereby served upon you.

　　　　　　　　　　　　　　　　　　　　　　/s/ Alexander H. Burke
　　　　　　　　　　　　　　　　　　　　　　Alexander H. Burke

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603

(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Alexander H. Burke, certify that on November 22, 2004 I had a copy of this notice and the documents referred to therein sent via facsimile and U.S. Mail to the person to whom this notice is addressed.

_____
Alexander H. Burke