## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| ALICE RUTH; | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S SECOND MOTION TO COMPEL
### AND TO DEEM REQUESTS TO ADMIT AS ADMITTED

Plaintiff respectfully requests that this Court enter an order compelling defendant to respond to discovery and deeming defaulted requests to admit as admitted in this case.

In support of this motion, the plaintiff states:

### Nature of The Case

This lawsuit alleges that M.R.S. Associates, Inc. ("MRS") violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by sending illegal form letters to persons who owed K-Mart money. (Appendix A). Specifically, the letter that MRS sent to the plaintiff states that "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter." This language is a misstatement of the debtor's verification rights under 15 U.S.C. §1692g, because the debtor may dispute and request verification of the debt for a variety of reasons, not just because she does not believe it is invalid. For example, a consumer might send a verification letter if:

        a.      she simply does not recognize the debt;

1

        b.      she questions the amount of the claimed debt or how it was computed;

        c.      she believes that the debt is valid but that credit has not been given for all payments made;

        d.      in the case where two or more collection agencies have sought payment and the debtor is unsure who the creditor has authorized to act;

        e.      or any of a number of other reasons which do not require that the debtor believe that the debt is not valid.  DeSantis v. Computer Credit, Inc., 269 F.3d 159 (2d Cir. 2001).

In addition, the MRS's form letter is confusing and misleading with respect to the amount the recipient must pay.  The letter gives an "account balance" at the top, but states that "interest may accrue on unpaid balances."  The debt is a credit card, which normally does accrue interest; however, the letter does not definitely state whether or not it does accrue.  The letter then demands that the debtor "honor your contractual obligation," which could be the "account balance," or the "account balance" plus interest.   Nothing informs the debtor how to compute or find out the amount to be paid.  See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir. 2004).

Discovery is set to close on March 1, 2005.  Plaintiff originally propounded discovery on August 18, 2004.  (Appendix B).  Plaintiff brought her first motion to compel on October 13, 2004, which was withdrawn because defendant responded to discovery on October 14, 2004. (Appendix C).

## Local Rule 37.2 Certification

Counsel for plaintiff, Alex Burke, called Todd Stelter counsel for defendant on January 6, 2005, to speak about discovery in this case, and left a voice mail. As of close of business January 11, 2005, Mr. Stelter has not returned the call.

Not returning telephone calls is a pattern of conduct on the part of Mr. Stelter. This Court may recall Plaintiff's First Motion to Compel and Deem Requests to Admit As Admitted, which was also filed because defendant failed to respond to discovery at all. Plaintiff withdrew that motion because defendant submitted the responses attached as Appendix C before the hearing on the motion.

In a final effort to resolve the instant discovery problems without court intervention, Mr. Burke wrote Mr. Stelter an email requesting that he call. (Appendix D). Mr. Burke had not heard back from Mr. Stelter regarding this case by the time he filed this motion on the evening of January 11, 2005. Plaintiff's counsel has thus exhausted his duty under Rule 37.2 in good faith, and his attempts to engage in consultation were unsuccessful due to no fault of plaintiff's counsel.

## Previous Rule 37.2 Conferences Regarding Requests to Admit

On August 19, 2004, plaintiff and defendant agreed via email that plaintiff and defendant's first discovery responses would originally be due within 30 days, which date was September 20, 2004. (Appendix E). Plaintiff and defendant subsequently agreed to an extension for both parties until September 24, 2004. Plaintiff responded to discovery on that date, and requested that defendant fax its discovery responses to plaintiff on that date. (Appendix F). Plaintiff received no indication that defendant wanted or needed more time.

3

On October 4, 2004, Mr. Burke, again spoke with Mr. Stelter on the telephone regarding this outstanding discovery and requests to admit. Mr. Burke initiated the discussion with a letter (Appendix G) pursuant to Local Rule 37.2, because Mr. Stelter had been forming a practice of not returning Mr. Burke's telephone calls. Mr. Burke reminded Mr. Stelter that the discovery was two weeks late, and that the requests to admit had defaulted. Mr. Stelter told Mr. Burke that he was aware of this, and that he needed his client's approval, and that he did not yet have it. Mr. Burke agreed to another week-long extension for the discovery responses (excluding the defaulted requests to admit), until October 8, 2004, and informed Mr. Stelter that if he did not receive responses by that date, he would be forced to file a motion to compel. Mr. Stelter did not commemorate this conversation through written confirmation.

Defendant finally responded to the requests to admit nearly a week after the agreed discovery date, October 14, 2005. Defendant never requested additional time to respond (it was always plaintiff's counsel who initiated contact), and never brought a motion with the Court for an extension.

### Discovery Standard

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). The Rules have broadened the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

"[T]he discovery-deposition provisions of the Federal Rules, were intended to

4

insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair

contest with the basic issues and facts disclosed to the fullest practicable extent." Goldman v.

Checker Taxi Co., 325 F.2d 853, 855 (7th Cir. 1963)(internal citations and quotations omitted).

Furthermore, complete interrogatory responses may help the parties avoid unnecessary

depositions and further cost to the parties. In re Shopping Carts Antitrust Litigation, 95 F.R.D.

299, 307-308 (S.D.N.Y. 1982).

      Evasive responses to discovery are sanctionable at the discretion of the Court.

Lucas v. GC Services, Case No. 2:03 cv 498 (N.D.Ind. Nov. 3, 2004)(Exhibit __). Judge

Kennelly viewed evasive discovery responses as abusive in Howard v. Sweetheart Cup Co., 2001

U.S.Dist. LEXIS 8682, at *6-7 (N.D.Ill. June 27, 2001), and issued sanctions against defendant:

> [Defendant's] production...included only some of the responsive documents. They
> evidently believed that by giving a cleverly-worded response to the request (a
> response of a type this Court has seen numerous times both in the practice of law
> and since appointment to the bench), they could pick and choose the documents
> *they* thought were relevant....
> ****
> [T]his type of answer hides the ball. It leaves the plaintiff wondering what
> documents are being produced and what documents are being withheld.
> Furthermore, it permits the defendant to be the sole arbiter of that decision. Such
> an objection is really no objection at all as it does not address why potentially
> responsive documents are being withheld.
>
> The defendant, having no incentive to err on the side of disclosure, has arrogated
> to itself the authority to decide the question of relevance which is unquestionably
> the decision of the judge.
>
> Asserting a relevance objection, then proceeding to agree to produce "relevant,
> non- privileged" documents "subject to and without waiving" that objection,
> serves only to obscure potentially discoverable information and provides no
> mechanism for either plaintiffs or the Court to review defendant's decisions. [Id.,
> quoting Athridge v. Aetna Casualty & Surety Co., 184 F.R.D. 181, 190 (D.D.C.
> 1998)(certain punctuation omitted).]
>
> What is more, Objections must not only be timely, they must be proper, or the

result is waiver. "There is no provision in the Federal Rules for preserving objections. . . Having failed to answer or make specific legitimate objections to particular interrogatories within the time allowed, defendants were held to have waived objections to all interrogatories." Hobley v. Burge, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982).

      This Court should compel production of the materials sought herein to promote justice and quick resolution of this matter.

### Requests to Admit

      Fed.R.Civ.P. 36 permits a party to propound requests to admit upon another party. "The matter[s requested are] admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Fed.R.Civ.P. 36(a).

      In other words, "[a] party who fails to respond to requests for admissions within 30 days is deemed to have admitted those requests. Walsh v. McCain Foods, 81 F.3d 722, 726 (7th Cir. 1996).

      Because defendant did not respond within the original time period for the requests, then failed to respond within the agreed time period, and did not bother to request another extension, all of the requests to admit propounded should be deemed admitted. After such extensions and prior warning, it certainly is not up to plaintiff to again remind defendant that these requests to admit were overdue: they were simply ignored. Such flagrant disregard for

6

the discovery process should not be tolerated, and these requests to admit should be deemed admitted. See Lucas v. GC Services, Case No. 2:03-498 (N.D.Ind. Nov. 3, 2004)(deeming request to admit as admitted, compelling all discovery requested and entering sanctions against same defense firm and counsel as in this case)(Appendix H).

### Interrogatories

**Interrogatory 2** requests that defendant "Identify by code name or number and date sent all documents transmitted to plaintiff in an effort to collect the debt described in Exhibit A." This request relates to information about the plaintiff herself, and is directed at ascertaining what code system defendant uses on its letters. That information will assist plaintiff in reformulating the class definition, if needed. Defendant responded that it does not know what a "code name or number" is. This response is evasive. It is evident Plaintiff's letter has several code numbers on it. For example, there is an "MRS ACCT#", which is clearly identified as a responsive code number. Plaintiff simply requests an explanation of that and other possible code numbers, and identification of all documents transmitted to plaintiff.

This information is relevant because the production of plaintiff's letter is directly at issue: plaintiff has alleged that the letter is inadequate because it does not state the amount of the debt sufficiently clearly, and because it is confusing. Purposefully designing a letter to be confusing mitigates against defendants in determining whether the letter contains an FDCPA violation. See Johnson v. Revenue Management Corp., 169 F.3d 1057, 1060 (7th Cir. 1999).

**Interrogatory 5** requests that defendant "Describe all document destruction and retention policies of the defendant." Document request 15 requests documents relating to document destruction. These requests are aimed at the possibility that relevant documents have

already been destroyed, and at preventing further or future destruction of relevant documents. Defendant's response is simply, "X." Plaintiff assumes that this response is a typographical error, but since defense counsel refuses to call plaintiff's counsel back, the error remains uncorrected. Plaintiff moves to compel a complete response.

**Interrogatory 6** requests "State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computer can determine the number of instances in which the form letter represented by Exhibit A was mailed within a specified period to collect a K-Mart debt, and the persons to whom such letters were sent." This is aimed at determining how defendant's computers work, so that plaintiff may make a follow-up request directed at a class easily ascertainable by use of defendant's computers.

Defendant responds that the request does not bear on the FDCPA allegations in the complaint. The response also states that certain information is only kept for 120 days. For this reason, plaintiff requests that this Court enter an order protecting any and all potentially relevant evidence, and all evidence that might reasonably lead to admissible evidence in this case.

Further, defendant's response is not complete, because it does not state under what database fields (or information) it can retrieve debtor information through its computers. Plaintiff requests that this Court compel MRS to produce this information.

**Interrogatory 7** requests a number for the class defined in the complaint, and a class list: "State the number and name and address of the (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you

8

believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances"
(c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June
20, 2004." This information is relevant to determine numerosity in this case. Defendant has
produced a class number, but not a class list. Plaintiff requires a class list in order to provide
notice to the class, and thus moves to compel this interrogatory.

**Interrogatory 12** requests information regarding whether defendant plans to
bring a bona fide error defense, pursuant to 15 U.S.C. § 1692k(c): "Explain the basis for your
claim that any violation was unintentional and resulted from a bona fide error notwithstanding
the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures
are maintained and how they are adapted to avoid the matters complained of."

Defendant purports to "reserve" its rights to assert a bona fide error defense.
However, it is too late in the game for such a reservation. If defendant has no procedures, or
inadequate procedures, it cannot assert that its violation was the result of a bona fide error.
Contrariwise, if defendant had procedures that were not followed, they cannot assert this defense.
Plaintiff has the right to conduct discovery on what procedures defendant might have, and has
been given an incomplete and evasive response. Plaintiff requests that the Court deem any
objections or reservations of rights waived in light of defendant's evasive response, and
uncooperativeness in the discovery process.

**Document requests 1 and 2** request documents relating to plaintiff: "All
documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff." and
"All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's
name or any number, symbol, designation or code (such as an account number or Social Security

number) assigned to plaintiff." These documents are clearly relevant to plaintiff's individual claim, and should be compelled. Defendant produced some responsive documents in the form of a computer generated account history, and then supplemented those documents later with an additional page of account history several weeks later. It is unclear why the final page was not originally produced. Plaintiff's counsel wants to know that the document production is complete as we leave the discovery phase of this lawsuit, and requests that the Court compel such production..

Further, defendant has denied request to admit 2, that <u>Exhibit B</u> to the complaint is a correct copy of the reverse of plaintiff's letter. Plaintiff's counsel has requested the true reverse of her letter several times, and has not received it. Plaintiff moves to compel production of that document.

**Document request 3** requests "All documents relating to any testing done of defendant's collection letters (surveys, focus groups, readability analysis, etc.)." Testing on defendant's letters is important in this case. For example, if defendant did testing on how best to confuse consumers with verbiage with respect to consumer rights, this would be relevant to how confusing the letter is.

Defendant responds that "no systematic or official documents are kept regarding" visual inspections. This is not a responsive answer. Plaintiff's request was without regard to whether testing was "systematic" or "official," it simply requested all documents relating to testing. The response actually *admits* that testing is done, and *suggests* that documentation of the testing that is not systematic or official actually exists. This sort of response is not proper. <u>Howard v. Sweetheart Cup Co.</u>, 2001 U.S.Dist. LEXIS 8682, at *6-7 (N.D.Ill. June 27, 2001).

**Document requests 4 through 6** request manuals and internal memoranda relating to FDCPA compliance, and the plaintiff's letter specifically. This information will be readily available from the marketing department, and by doing a search of internal memoranda (including a search of emails) relating to FDCPA compliance. The request is relevant to damages, as delineated in 15 U.S.C. § 1692k(b)(2):

> In determining the amount of liability in any action under subsection (a) of this section, the court shall consider, among other relevant factors -
>
>> (2) in any class action..., the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional.

These materials are also relevant to any potential bona fide error defense MRS may try to plead.

Defendant has not produced any documents, and makes boilerplate objections that these document requests are "irrelevant, too broad and unduly burdensome." However, "[o]bjections must not only be timely, they must be proper, or the result is waiver." Hobley v. Burge, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). These late, simple, boilerplate and unexplained objections come in the face of defendant's "reservation" of a bona fide error defense. Furthermore, plaintiff would have been willing to limit these requests to those documents that relate to the allegations in the complaint, but could not do so because defense counsel never called him back regarding this case. Plaintiff moves to compel this discovery.

**Document Requests 8, 9, 10, 11 and 16** request information regarding communications with external agencies and courts relating to the defendants' compliance or non-compliance with the FDCPA, or other collection activities. These requests are calculated to

discover whether the defendants had knowledge or notice of the violations alleged in the complaint and any potential bona fide error defense. These documents also relate to class damages under §1692k(b)(2), supra.

Again, defendant has not produced any documents, and makes boilerplate objections that these document requests are "irrelevant, too broad and unduly burdensome." However, "[o]bjections must not only be timely, they must be proper, or the result is waiver." Hobley v. Burge, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). These late, simple, boilerplate and unexplained objections come in the face of defendant's "reservation" of a bona fide error defense.

Furthermore, plaintiff would have been willing to limit these requests to those documents that relate to the allegations in the complaint, but could not do so because defense counsel never called him back. Plaintiff moves to compel this discovery.

**Document requests 12 and 13** request information relating to the printing and mailing of letters such as plaintiff's. Request 12 relates to any third party that may have been involved in drafting plaintiff's letter, and 13 requests documents that may give plaintiff a better idea of what letters were sent where. Responses to these requests would have been simple: identify whatever third party that was involved in preparation and sending of plaintiff's letter, and provide whatever documents exist regarding the form letter that was sent to plaintiff.

Instead of responding, or even attempting to respond, defendant objected late, has not produced any documents, and makes boilerplate objections that these document requests are "irrelevant, too broad and unduly burdensome." However, "[o]bjections must not only be timely, they must be proper, or the result is waiver." Hobley v. Burge, 2003 U.S. Dist. LEXIS 20585, at

12

*11 (N.D.Ill. 2003); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). These late, simple, boilerplate and unexplained objections are insufficient, and plaintiff moves to compel.

**Document request 14** requests "[a]ll organizational charts of defendant." This information will help plaintiff figure out what persons, if any, should be deposed in this case. The same lame improper, late boilerplate objection is made. Hobley v. Burge, 2003 U.S. Dist. LEXIS 20585, at *11 (N.D.Ill. 2003); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982). The information is obviously relevant, or will lead to relevant information such as persons who might be deposed. Plaintiff moves to compel.

**Document request 15** - requests insurance information. Defendant produces in the text of its response its insurance policy number, but does not produce the policy itself. The response misses the point of the discovery: this is not an interrogatory aimed at knowing the identity of the insurer, it is a document request that is aimed at discovering the policy limits of defendant's insurance agreement through actual evidence of the policy itself. The response is not complete, and plaintiff moves to compel.

**Document request 22** requests "One copy of each different form letter defendant sends to debtors." Defendant objects because the request purportedly requests information "not relevant to the complaint." Defendant is wrong. These documents are relevant to determine whether defendants' violations are persistent and frequent, which are relevant to class damages under 15 U.S.C. § 1692k(b)(1), supra. They are also relevant to determining whether defendants have a bona fide error defense, because they will show whether defendants changed their letters after the liability-affirming Circuit Court decisions: DeSantis v. Computer Credit, Inc., 269 F.3d 159 (2d Cir. 2001) and Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir.,

13

March 30, 2004). Whether MRS made changes to its letters in light of these decisions bears on the credibility of their potential bona fide error defense. Plaintiff moves to compel.

**Document request 23** asks for "The complete file, including but not limited to computer information, for all (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004."

This information is relevant because the plaintiff must have the names and addresses of the class members in order to notify the class. Defendant objects only that this request seeks information of which disclosure "is prohibited by law under the FDCPA." This objection is nonsense: the FDCPA was designed to protect the rights of debtors from debt collectors, not to insulate FDCPA-violating debt collectors.

The statute regulates the conduct of "debt collectors" in collecting "debts" owed or allegedly owed by "consumers." It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

In enacting the FDCPA, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic] ... [T]he vast majority of consumers who

14

obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." S. Rep. No. 382, 95th Cong., 1st Sess., p. 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

The FDCPA is liberally construed in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Financial Systems, Inc., 839 F.Supp. 941, 944 (D. Conn. 1993); Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002). Thus, the Court should compel production of this information to protect the consumers whose statutory rights have been tarnished by MRS' letter.

WHEREFORE, plaintiff respectfully requests that this Court enter an order compelling defendant to respond to discovery in this case, and to deem overdue requests to admit as admitted.

Respectfully submitted,

Alexander H. Burke

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

15

## **CERTIFICATE OF SERVICE**

I, Alexander H. Burke, hereby certify that, on January 12, 2005, I caused to be served a true and correct copy of the attached document via U.S. Mail and facsimile (without appendices) to the following persons:

David M. Schultz, Esq.
Todd Stelter, Esq.
Hinshaw & Culbertson
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Tel: 312-704-3000
Fax: 312-704-3001

_____
Alexander H. Burke

J:\Case\mrs11.388\pleading\mot.compel.second.wpd

16

CASE NO. _04 CV 50244_

APPENDIX                A

~~ATTACHMENT NO.~~_____

TAB DESCRIPTION_____

EXHIBIT    _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

RECEIVED

JUN 01 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ALICE RUTH;                      )
                                 )
                Plaintiff,       )          04C5 0 2 44
                                 )
        v.                       )
                                 )
M.R.S. ASSOCIATES, INC.,         )          JURY DEMANDED
                                 )
                Defendant.       )

## COMPLAINT – CLASS ACTION

## INTRODUCTION

1.      Plaintiff brings this action to secure redress against unlawful credit and

collection practices engaged in by defendant M.R.S. Associates, Inc.  Plaintiff alleges that a form

letter used by defendant violates the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

("FDCPA").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331 (general federal question),

1337 (interstate commerce) and 15 U.S.C. §1692k (Fair Debt Collection Practices Act).

3.      Venue and personal jurisdiction over defendant in this District is proper

because:

        a.      Plaintiff resides here;

        b.      Defendant transacts business here;

        c.      Defendant's collection communications to plaintiff and numerous

others were transmitted into the District.

1

d.    Defendant enters into contracts with businesses located within the Northern District of Illinois to perform collection services.  These include Hilco Receivables and Lake Cook Partners.

e.    Defendant holds itself out as conducting a nationwide collection business.

## PARTIES

4.    Plaintiff Alice Ruth is an individual who resides in Rock Falls, Illinois.

5.    Defendant M.R.S. Associates, Inc. is a New Jersey corporation with its principal place of business at 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002.

6.    Defendant M.R.S. Associates, Inc. operates a collection agency.

7.    Defendant M.R.S. Associates, Inc.  is a "debt collector" as defined in the FDCPA.

8.    Defendant   M.R.S.   Associates,   Inc.   claims   on   its Web site (www.mrsassociates.com) to be " a nationally licensed full-service account receivables management company that specializes in financial and commercial portfolios - bank and retail credit card programs, consumer loans, auto deficiencies and commercial collection as well as government, taxation and educational debts."

9.    Defendant M.R.S. Associates, Inc. is in fact a nationally licensed full-service account receivables management company that specializes in collecting bank and retail credit cards, consumer loans, auto deficiencies and educational debts.

## FACTS

10.    On or about Jan. 19, 2004, defendant sent plaintiff Ruth a collection letter,

2

of which the front is attached as Exhibit A.

    11.    Exhibit A sought to collect a K-Mart credit card debt.

    12.    The alleged debt was incurred for personal, family or household use.

    13.    Exhibit A is the first letter plaintiff Ruth received from defendant in connection with the debt described therein.

    14.    On information and belief, Exhibit A is the first letter defendant sent to plaintiff Ruth in connection with the debt described therein.

    15.    On information and belief, Exhibit A represents a form letter intended for use by defendant as the initial letter to be sent to a debtor concerning the debt described therein.

    16.    On information and belief, the printed matter on the reverse of Exhibit A is depicted by Exhibit B.

## VIOLATIONS ALLEGED

    17.    Exhibit A states that "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter."

    18.    The quoted language is an impermissible condition on the debtor's exercise of verification rights under 15 U.S.C. §1692g. The debtor may dispute and request verification of the debt if he or she simply does not recognize it, or questions the amount of the claimed debt or how it was computed, or believes that the debt is valid but that credit has not been given for all payments made, or if two or more collection agencies have sought payment and the debtor is unsure who the creditor has authorized to act, or any of a number of other reasons which do not require that the debtor believe that the debt is not valid. DeSantis v. Computer Credit, Inc., 269 F.3d 159 (2d Cir. 2001).

3

19.    In addition, Exhibit A is confusing and misleading with respect to the amount the recipient must pay. The letter gives an "account balance" at the top, but states that "interest may accrue on unpaid balances." The debt is a credit card, which normally does accrue interest; however, the letter does not definitely state whether or not it does accrue. The letter then demands that the debtor "honor your contractual obligation," which could be the "account balance," or the "account balance" plus interest. Nothing informs the debtor how to compute or find out the amount to be paid. See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir., March 30, 2004).

20.    On information and belief, defendant is authorized to and does in fact attempt to collect an amount larger than the "account balance," namely the account balance plus interest.

21.    Defendant's letters therefore violate 15 U.S.C. §§1692e and 1692g.

## CLASS ALLEGATIONS

22.    Plaintiff brings this claim on behalf of a class. The class consists of (a) all natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after a date one year prior to the filing of this action and (e) on or before a date 20 days after the filing of this action.

23.    The class is so numerous that joinder of all members is impracticable.

24.    Defendant sent more than 50 letters to Illinois residents containing both the statement that "If for some reason you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances", seeking to collect a K-Mart credit card, during the year prior to the filing of this action.

25.    There are questions of law and fact common to the class members, which

4

questions predominate over any questions affecting only individual class members. The principal question is whether the collection letter attached as <u>Exhibit A</u> violates the FDCPA.

26.     Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of class actions and consumer credit claims.

27.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.     Defendant has inflicted similar injuries to a large number of persons through a single course of conduct;

b.     Individual actions are not economical;

c.     Congress contemplated class actions as a means of enforcing the FDCPA..

WHEREFORE, plaintiff requests that the Court enter judgment in favor of the plaintiff and the class members and against defendant for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

5

EDELMAN, COMBS & LATTURNER, LLC
120 South LaSalle Street,18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

### JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

j:\case\mrs11.388\pleading\cmplt

6

# EXHIBIT A

**M.R.S.ASSOCIATES, INC.**
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

# MRS
### Associates Inc

Office Hours :
Mon - Thurs 8am - 9pm EST
Fri - 8am - 5pm EST
Sat - 8am - 12pm EST
Sun - 9am - 12pm EST

January 19, 2004

M.R.S.ASSOCIATES, INC.
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

04019377-001   21982
ALICE RUTH
407 GOODELL CT
ROCK FALLS IL 61071-1360

FEB 0 2 2004

| CLT ACCT # :<br>5307582055271676 | MRS ACCT # :<br>04019377 | ACCOUNT BAL. :<br>$634.36 |

RE : CAPITAL ONE (K-MART CARD)

(Interest may accrue on unpaid balances)

---

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT IN FULL
SEE REVERSE SIDE FOR CREDIT CARD AND WESTERN UNION PAYMENT INFORMATION

M.R.S.ASSOCIATES, INC.
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

RE: CAPITAL ONE (K-MART CARD)
CLT ACCT#: 5307582055271676
MRS ACCT#: 04019377
ACCOUNT BALANCE : $634.36      (Interest may accrue on unpaid balances)

Dear ALICE RUTH,

The above referenced client has placed your account with our office for collection. This decision was made due to your continued failure to meet your contractual obligation. If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter.

If the debt is not in dispute, then you have an important decision to make: honor your contractual obligation and receive significant positive benefits from satisfying the debt or continue not honoring your contractual obligation and face the possibility of negative consequences. The negative consequences are determined by the terms and conditions of your contract, the applicable laws in your state, and our client's willingness to incur additional costs and expenses (which may in turn be passed on to you!).

Clearly our client would prefer to work with you than against you, however, the decision to proceed with further collection activity is determined by you and your willingness to honor your commitment.

**Which would you prefer the positive benefits or negative consequences? The choice is yours!**

## IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collection agency.

Sincerely,

*Dawn Hasenjager*

Dawn Hasenjager
Collection Manager 1-877-508-6306
M.R.S.ASSOCIATES, INC.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

# EXHIBIT B

If you wish to pay by credit card, please fill out the area below and return in the enclosed envelope or fax to us at the number 856-488-5125 or you may E-Mail credit card information to : payments@mrsassociates.com

Check One:
- ☐ Visa
- ☐ Mastercard
- ☐ American Express

**VISA**    **MasterCard**    **AMERICAN EXPRESS Cards**

Card #: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**MRS ACCT # :
03456050**

Expiration Date: ___ / ___ / ___

Amount of Payment: $_____

_____
Signature of Cardholder

_____
Card Holder Name

_____
Driver's License

## Western Union Payment Instructions
**Western Union "Quick Collect" - Quick and Easy !**
Use Blue and White form
Pay to : M.R.S. ASSOCIATES
Code City : MAPLE    State: NJ

For questions about how to pay your bill using Western Union - call them at 800-238-5772 or call our office.

**COLORADO RESIDENTS:**
This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify us that you dispute the validity of this debt or any portion thereof, within 30 days after receipt of this ltter, we shall assume this debt is valid. If you notify us, in writing, within the 30 day period, that you dispute this debt, or any portion thereof, we will obtain verification of this debt or judgment, if one exists, and will mail you a copy. Upon your written request, within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor. For information about the Colorado Fair Debt Collection Practices Act, see www.ago.state.co.us/CAB.htm.

**MASSACHUSETTS RESIDENTS:**

NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

**MINNESOTA RESIDENTS:**
This collection agency is licensed by the Minnesota Department of Commerce.

**NEW YORK CITY RESIDENTS:**
New York City Department of Consumer Affairs, license number 1016281.

**NORTH CAROLINA RESIDENTS:**
North Carolina Department of Insurance, permit number 3122 or permit number 3486.

**TENNESSEE RESIDENTS:**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James tson Parkway, Nashville, Tennessee 37243.

CASE NO. _04 CV 50244_

APPENDIX B
~~ATTACHMENT NO.~~_____

TAB DESCRIPTION_____

EXHIBIT _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ALICE RUTH; | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST DISCOVERY REQUESTS

Plaintiff hereby request that defendant M.R.S. Associates, Inc. respond to the following requests for admissions, interrogatories, and document requests. Documents should be copied and sent to plaintiff's counsel on the date your response is due.

Throughout this request:

1. Unless otherwise specified in a particular paragraph, the time period covered by this request is January 1, 2000 to the present.

2. If you are declining to produce any document or respond to any paragraph in whole or in part because of a claim of privilege, please: (a) identify the subject matter, type (e.g., letter, memorandum), date, and author of the privileged communication or information, all persons that prepared or sent it, and all recipients or addressees; (b) identify each person to whom the contents of each such communication or item of information have heretofore been disclosed, orally or in writing; (c) state what privilege is claimed; and (d) state the basis upon which the privilege is claimed.

3. If any document requested was, but no longer is, in your possession or subject

to your control, please state: (a) the date of its disposition; (b) the manner of its disposition (e.g., lost, destroyed, transferred to a third party); and (c) an explanation of the circumstances surrounding the disposition of the document.

Other instructions and definitions to be used in making your response are attached hereto as Exhibit 1.

If any paragraph of this request is believed to be ambiguous or unduly burdensome, please contact the undersigned and an effort will be made to remedy the problem.

## I. REQUESTS FOR ADMISSIONS

1.  Exhibit A represents a standard form letter intended for use as an initial demand letter by MRS.

2.  Exhibit B contains identical substance to the reverse of the initial letter sent to the plaintiff by defendant.

3.  There are more than 40 (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances"(c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

4.  There are more than 70 (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

5.  There are more than 100 (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt

2

is not valid . . . ." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect

a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

6.  Defendant has a net worth exceeding $500,000.

7.  Defendant has a net worth exceeding $1 million.

8.  Defendant has a net worth exceeding $5 million.

## II. <u>INTERROGATORIES</u>

1.  State the name, address, title and job description of each officer, director and

employee (present or former) of defendant who authorized, approved, or was aware of the letter in

the form used in <u>Exhibit A</u> and the date such person first authorized, approved or was aware of the

letter in the form used in <u>Exhibit A</u>.

2.  Identify by code name or number and date sent all documents transmitted to

plaintiff in an effort to collect the debt described in <u>Exhibit A</u>.

3.  Describe, step-by-step, the process which resulted in <u>Exhibit A</u> being

transmitted to plaintiff, beginning with the date and method of transmission of debtor information

from the person that sent it, and including all other steps with respect to, for example, computer tapes

or other media delivered (when, by whom, where and to whom); the content of computer tape or

3

media; data input (where and by whom); computer entry or other means of directing transmission

letters (where and by whom entry made), the printing of Exhibit A itself, (where, how and by whom);

the mailing of Exhibit A (from where and by whom), and Identify all persons who participated in

the process.

4.    Describe what further collection steps are taken if no response is received to

letters in the form represented by Exhibit A.

5.    Describe all document destruction and retention policies of the defendant.

6.    State whether information regarding your accounts is retrievable by computer

and, if so, each field by which data is searchable or retrievable.  State whether your computer can

determine the number of instances in which the form letter represented by Exhibit A was mailed

within a specified period to collect a K-Mart debt, and the persons to whom such letters were sent.

7.    State the number and name and address of the (a) natural persons residing in

4

Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason

you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances"

(c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20,

2004.

8.      If you contend that any of the persons who are described in the preceding

interrogatory incurred the debts sought to be collected for business purposes, identify the persons and

state the facts upon which you base your contention.

9.      State the net worth of defendant and whether its financial statements are

audited.     If defendant's financial statements are not audited, identify all credit applications and

financial statements issued or submitted by defendant in the last 3 years.

10.      Identify each lawsuit in which a determination of defendant's net worth has

been made, or in which defendant has provided or produced financial statements or information

concerning its net worth.

11.      Identify each instance in which defendant has provided financial statements

or information concerning its net worth to any governmental agency.

12.     Explain the basis for your claim that any violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

13.     If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis for your denial.

14.     With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

## III. **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Please produce:

1.      All documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff.

2.      All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiff's name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

3.      All documents relating to any testing done of defendant's collection letters (surveys, focus groups, readability analysis, etc.).

4.      All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Fair Debt Collection Practices Act, or state statutes regulating debt collectors or debt collection.

5.      All manuals, memoranda, instructions, and other documents setting forth defendant's policies, procedures or practices relating to the collection of debts.

6.      All manuals, memoranda, instructions, and other documents referring to the form of letter represented by Exhibit A.

7.      All documents relating to any judicial or administrative proceeding (irrespective of date) in which defendant was accused of violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

8.      All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the Fair Debt Collection Practices Act, or state statutes

7

regulating debt collection activities, or collection practices generally.

9.     All documents (irrespective of date) relating to any claim made against defendant for violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

10.     All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to collection activities of defendant.

11.     All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Debt Collection Practices Act.

12.     If Exhibit A was printed or mailed by someone other than defendant, all contracts pursuant to which such printing or mailing was done and all records, invoices and checks (or other payment instruments) relating to such printing or mailing.

13.     All documents showing the number of examples of Exhibit A mailed by or on behalf of defendant, and the geographic areas or periods of time of such mailings.

14.     All organizational charts of defendant.

15.     All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

16.     All documents relating to the maintenance by defendant of procedures adapted to avoid any violation of the Fair Debt Collection Practices Act.

17.     All documents setting forth defendant's document destruction and retention

8

policies.

18.     Defendant's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

19.     All credit applications or financial statements defendant issued within the last 3 years.

20.     All information submitted by defendant to Dun & Bradstreet, Fitch, or any other entity which rates the creditworthiness or financial soundness of defendant or securities relating to defendant, during the last three years.

21.     All proposals and bids defendant submitted to governmental agencies which describe defendant's business.

22.     One copy of each different form letter defendant sends to debtors.

23.     The complete file, including but not limited to computer information, for all (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.


_____
Alexander H. Burke

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Alexander H. Burke

9

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**Exhibit 1**

## INSTRUCTIONS AND DEFINITIONS

### Definitions

      A.     The term "document" includes, by way of illustration only and not by way of limitation, the following, whether printed or reproduced by any process, or written and/or produced by hand: ledgers; notes; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; reports; publications; photographs; microfilm, microfiche, and similar media; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; court papers; brochures; pamphlets; press releases; drafts of, or revisions of drafts of, or translations of, any document; tape recordings; dictation belts; invoices; bills; accounting records; telephone toll records; and disks, tapes, and other magnetic or electronic information storage media. Any document or reproduction of a document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitation initials, stamped indicia, any comment or any notation of any character and not a part of the original text, is to be considered a separate document.

      B.     References to "you" or any named entity or individual include agents, employees, and attorneys of that person, whether or not acting within the scope of their authority; all other persons acting on behalf of the person referred to; and in the case of an entity, its merged or acquired predecessors.

      C.     "Person" includes any individual, corporation, partnership, joint venture, firm, association, proprietorship, governmental agency, board, authority, or commission, or other entity.

      D.     "Identify" or "identification," when used with respect to a person, means to state the name, last known address, telephone number, and if a corporation or other entity, the principal place of business of the person.

      E.     "Identify" or "identification," when used with respect to a document, means to state the general nature of the document (i.e., letter, memorandum, etc.); the name of the author or originator; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title, and general subject matter of the document; the present custodian of each copy thereof and the last known address of each such custodian; and the date of the making of the document.

      F.     "Communication" includes every manner or means of disclosure, transfer, or exchange of information, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

      G.     "Identify" or "identification," when used with respect to a communication,

11

means to state the date of the communication; the type of communication (i.e., telephone conversation, meeting, etc.); the place where the communication took place; the identification of the person who made the communication; the identification of each person who received the communication and of each person present when it was made; and the subject matter discussed.

H.      "Relates" includes constitutes, describes, discusses, reflects, refers to, and logically pertains to.

### Instructions

1.      All documents within your possession, custody, or control or that of your agents, employees, and attorneys shall be produced. Without limitation of the term "control" as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person having actual possession thereof.

2.      To the extent any paragraph is objected to, please set forth all reasons for your objection.

3.      If you prefer, you may provide legible copies of document that reflect all markings, notations, and highlighting on the originals.

4.      Documents to be produced shall be either (1) organized as they are kept in the usual course of business or (2) organized and labelled to correspond with the paragraphs of the request for production.

5.      The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

6.      To the extent that any document cannot be furnished, such documents as are available shall be supplied, together with a description of the documents not furnished and the reason for not furnishing them.

7.      "And" and "or" shall be interpreted to mean "and/or," so that said terms are given their broadest possible meaning.

8.      If you are producing a document, you need not provide the information specified in paragraph E with respect to that document.

## CERTIFICATE OF SERVICE

I, Alexander H. Burke, certify that on August 18, 2004, I had a copy of this document sent by fax to:

David M Schultz, Esq.
Paul Stelter, Esq.
HINSHAW & CULBERTSON, LLP
222 N LaSalle St. Ste 300
Chicago, IL 60601-1081
(312) 704-3000
(312) 704-3001 FAX

_____
Alexander H. Burke

13

# EXHIBIT A



M.R.S.ASSOCIATES, INC.
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002



Office Hours :
Mon - Thurs 8am - 9pm EST
Fri  - 8am - 5pm EST
Sat  - 8am - 12pm EST
Sun  - 9am - 12pm EST

January 19, 2004

M.R.S.ASSOCIATES, INC.
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

FEB 0 2 2004

04019377-001   21982
ALICE RUTH
407 GOODELL CT
ROCK FALLS IL 61071-1360

| CLT ACCT # : | MRS ACCT # : | ACCOUNT BAL. : |
|---|---|---|
| 5307582055271676 | 04019377 | $634.36 |

RE : CAPITAL ONE (K-MART CARD)

(Interest may accrue on unpaid balances)

✂ — IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT IN FULL ✂
SEE REVERSE SIDE FOR CREDIT CARD AND WESTERN UNION PAYMENT INFORMATION

RE: CAPITAL ONE (K-MART CARD)
CLT ACCT#: 5307582055271676
MRS ACCT#: 04019377
ACCOUNT BALANCE : $634.36    (Interest may accrue on unpaid balances)

M.R.S.ASSOCIATES, INC.
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

Dear ALICE RUTH,

The above referenced client has placed your account with our office for collection. This decision was made due to your continued failure to meet your contractual obligation. If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter.

If the debt is not in dispute, then you have an important decision to make: honor your contractual obligation and receive significant positive benefits from satisfying the debt or continue not honoring your contractual obligation and face the possibility of negative consequences. The negative consequences are determined by the terms and conditions of your contract, the applicable laws in your state, and our client's willingness to incur additional costs and expenses (which may in turn be passed on to you!).

Clearly our client would prefer to work with you than against you, however, the decision to proceed with further collection activity is determined by you and your willingness to honor your commitment.

Which would you prefer the positive benefits or negative consequences? The choice is yours!

## IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collection agency.

Sincerely,

*Dawn Hasenjager*

Dawn Hasenjager
Collection Manager 1-877-508-6306
M.R.S.ASSOCIATES, INC.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

# EXHIBIT B

If you wish to pay by credit card, please fill out the area below and return in the enclosed envelope or fax to us at the number 856-488-5125 or you may E-Mail credit card information to : payments@mrsassociates.com

Check One:
- ☐ Visa
- ☐ Mastercard
- ☐ American Express

Card #: [                              ]

**MRS ACCT # : 03456050**

Expiration Date: ____ / ____ / ____

Amount of Payment: $ _____

Signature of Cardholder _____

Card Holder Name _____

Driver's License _____

## Western Union Payment Instructions

Western Union "Quick Collect" - Quick and Easy !
Use Blue and White form
Pay to : M.R.S. ASSOCIATES
Code City : MAPLE     State: NJ

For questions about how to pay your bill using Western Union - call them at 800-238-5772 or call our office.

### COLORADO RESIDENTS:

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that urpose. Unless you notify us that you dispute the validity of this debt or any portion thereof, within 30 days after receipt of this ...tter, we shall assume this debt is valid. If you notify us, in writing, within the 30 day period, that you dispute this debt, or any portion thereof, we will obtain verification of this debt or judgment, if one exists, and will mail you a copy. Upon your written request, within the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor. For information about the Colorado Fair Debt Collection Practices Act, see www.ago.state.co.us/CAB.htm.

### MASSACHUSETTS RESIDENTS:

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTION AGENCY.

### MINNESOTA RESIDENTS:

This collection agency is licensed by the Minnesota Department of Commerce.

### NEW YORK CITY RESIDENTS:

New York City Department of Consumer Affairs, license number 1016281.

### NORTH CAROLINA RESIDENTS:

North Carolina Department of Insurance, permit number 3122 or permit number 3486.

### TENNESSEE RESIDENTS:

Th'~ collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, 500 James F   tson Parkway, Nashville, Tennessee 37243.

CASE NO. _04 CV 50244_

APPENDIX   C

ATTACHMENT NO._____

TAB DESCRIPTION_____

EXHIBIT   _____

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| ALICE RUTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04 C 50244 |
| ) | |
| M.R.S. ASSOCIATES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## CERTIFICATE OF SERVICE

TO:    See Attached Service List

I, Todd P. Stelter certify that I served this notice and **Defendants' Discovery Responses** via U.S. Mail to all counsel of record, by depositing the same in the U.S. Mail from 222 North LaSalle Street, Chicago, Illinois, before the hour of 5:00 p.m., on the 14th day of October, 2004, with proper postage prepaid.

Todd P. Stelter

HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

5810516v1 843461

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ALICE RUTH, )
) Case No. 04 C 50244
Plaintiff, )
) Judge Philip G. Reinhard
vs. )
) Magistrate Judge P. Michael Mahoney
M.R.S. ASSOCIATES, INC., )
) JURY DEMANDED
Defendant. )
)
)

## RESPONSE TO PLAINTIFF'S FIRST DISCOVERY REQUESTS

Defendant, M.R.S. ASSOCIATES, INC., by and through its attorneys, David M. Schultz

and Todd P. Stelter, for its Response to Plaintiff's First Discovery Requests, states as follows:

### I. REQUESTS FOR ADMISSIONS

1. Exhibit A represents a standard form letter intended for use as an initial

demand letter by MRS.

**RESPONSE: Defendant admits that it sends letters in a form resembling Exhibit A as
initial letters. Defendant denies any remaining information contained within
this request.**

2. Exhibit B contains identical substance to the reverse of the initial letter

sent to the plaintiff by defendant.

**RESPONSE: Defendant objects to this request as it is vague and ambiguous as to the terms
"identical substance". Without waiving said objection, defendant denies that
Exhibit B accurately depicts the printed matter on the reverse of the letter it
sent to plaintiff on January 19, 2004. Defendant denies all remaining
information contained within this request.**

3. There are more than 40 (a) natural persons residing in Illinois (b) to whom

defendant sent a letter containing both the statement that "If for some reason you believe this

debt is not valid . . . ." and the statement "Interest may accrue on unpaid balances"(c) seeking to

collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

**RESPONSE:** **Objection. In addition to its General Objections, this request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as to damages or liability issues in this case. Defendant further objects that this question is premature and that the information sought may become relevant only if the court certifies a class and makes a finding of liability in plaintiff's favor which it has not been done. Defendants further object to this request as the information sought is neither relevant or reasonably calculated to lead to the discovery of admissible evidence, and may only become relevant if a class is certified and liability is found on behalf of a putative class. The relevant issue in this case is strictly limited to a determination of whether the language contained in defendants' letters violates the FDCPA. Defendants also object to this request on the basis that it is vague and ambiguous overall, and specifically as to the meaning of the terms "natural persons."**

        4.     There are more than 70 (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid ...." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

**RESPONSE:** **Objection. In addition to its General Objections, this request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as to damages or liability issues in this case. Defendant further objects that this question is premature and that the information sought may become relevant only if the court certifies a class and makes a finding of liability in plaintiff's favor which it has not been done. Defendants further object to this request as the information sought is neither relevant or reasonably calculated to lead to the discovery of admissible evidence, and may only become relevant if a class is certified and liability is found on behalf of a putative class. The relevant issue in this case is strictly limited to a determination of whether the language contained in defendants' letters violates the FDCPA. Defendants also object to this request on the basis that it is vague and ambiguous overall, and specifically as to the meaning of the terms "natural persons."**

        5.     There are more than 100 (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid. ..." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

5822324v1 843461

RESPONSE: Objection.   In addition to its General Objections, this request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as to damages or liability issues in this case. Defendant further objects that this question is premature and that the information sought may become relevant only if the court certifies a class and makes a finding of liability in plaintiff's favor which it has not been done. Defendants further object to this request as the information sought is neither relevant or reasonably calculated to lead to the discovery of admissible evidence, and may only become relevant if a class is certified and liability is found on behalf of a putative class. The relevant issue in this case is strictly limited to a determination of whether the language contained in defendants' letters violates the FDCPA.   Defendants also object to this request on the basis that it is vague and ambiguous overall, and specifically as to the meaning of the terms "natural persons."

6.   Defendant has a net worth exceeding $500,000.

RESPONSE: Admitted.

7.   Defendant has a net worth exceeding $1 million.

RESPONSE: Admitted.

8.   Defendant has a net worth exceeding $5 million.

RESPONSE: Denied.

## II. INTERROGATORIES

1.   State the name, address, title and job description of each officer, director and employee (present or former) of defendant who authorized, approved, or was aware of the letter in the form used in Exhibit A and the date such person first authorized, approved or was aware of the letter in the form used in Exhibit A.

ANSWER:   The following individuals may have knowledge of the allegations and the pleadings:

Michael Meyer, Information and Technology Department, MRS Associates, 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002

Dan Divece, Information and Technology Department, MRS Associates, 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002

5822324v1 843461

**Daniel J. McCusker, MRS Associates, 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002**

**Stewart Miller, MRS Associates, 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002**

**Kelli Coia, Director of the Training Department, MRS Associates, 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002**

2.      Identify by code name or number and date sent all documents transmitted to plaintiff in an effort to collect the debt described in Exhibit A.

**ANSWER:      Defendant objects to this interrogatory as it is vague and ambiguous as to the meaning of the words "code name or number."  Defendant sends letters to debtors who owe money.  Defendant accomplishes this by placing the letters in the U.S. mail.**

3.      Describe, step-by-step, the process which resulted in Exhibit A being transmitted to plaintiff, beginning with the date and method of transmission of debtor information from the person that sent it, and including all other steps with respect to, for example, computer tapes or other media delivered (when, by whom, where and to whom); the content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), the printing of Exhibit A itself, (where, how and by whom); the mailing of Exhibit A (from where and by whom), and Identify all persons who participated in the process.

**ANSWER:      Defendant sends letters to debtors who owe money.  Defendant accomplishes this by placing the letters in the U.S. mail.**

4.      Describe what further collection steps are taken if no response is received to letters in the form represented by Exhibit A.

**ANSWER:      Defendant objects to this interrogatory as it requests a purely speculative response.**

5.      Describe all document destruction and retention policies of the defendant.

4

**ANSWER:** **Objection. In addition to its General Objections, this request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as to damages or liability in this case. Without waiving said objections, defendants state X**

6. State whether information regarding your accounts is retrievable by computer and, if so, each field by which data is searchable or retrievable. State whether your computer can determine the number of instances in which the form letter represented by Exhibit A was mailed within a specified period to collect a K-Mart debt, and the persons to whom such letters were sent.

**ANSWER:** **Defendant objects to this interrogatory as vague, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory seeks information that has no bearing on the specific FDCPA allegations contained in plaintiff's complaint. Subject to and without waiving said objections, defendant states that it stores debtor account information and histories in computer files. Documents in which the defendant received are kept for approximately 120 days. Defendant is capable of reproducing its letters sent to debtors from the current date, back to approximately March of 2003. General information relative to debtor files and records are stored electronically forever.**

7. State the number and name and address of the (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that "If for some reason you believe this debt is not valid. ..." and the statement "Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or after June 1, 2003 and (e) on or before June 20, 2004.

**ANSWER:** **Defendant objects because the disclosure of such information would constitute an unauthorized third-party disclosure under the FDCPA.**

8. If you contend that any of the persons who are described in the preceding interrogatory incurred the debts sought to be collected for business purposes, identify the persons and state the facts upon which you base your contention.

**ANSWER:** **Defendant has no ability to determine the purpose for which plaintiff incurred debt and no information concerning this subject. Defendant**

5

reserves the right to make such a contention should information be discovered.

9.    State the net worth of defendant and whether its financial statements are audited. If defendant's financial statements are not audited, identify all credit applications and financial statements issued or submitted by defendant in the last 3 years.

**ANSWER:    In addition to its General Objections, defendants object to this Request on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature. Subject to and without waiving said objection, in the event a class is certified, defendants will produce documents relevant to their respective net worth as described in Sanders v. Jackson, 299 F. 3d. 998 (7th Cir. 2000) but only under protective order.**

10.    Identify each lawsuit in which a determination of defendant's net worth has been made, or in which defendant has provided or produced financial statements or information concerning its net worth.

**ANSWER:    In addition to its General Objections, defendants object to this Request on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature. Subject to and without waiving said objection, in the event a class is certified, defendants will produce documents relevant to their respective net worth as described in Sanders v. Jackson, 299 F. 3d. 998 (7th Cir. 2000) but only under protective order.**

11.    Identify each instance in which defendant has provided financial statements information concerning its net worth to any governmental agency.

**ANSWER:    In addition to its General Objections, defendants object to this Request on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature. Subject to and without waiving said objection, in the event a class is certified, defendants will produce documents relevant to their respective net worth as described in Sanders v. Jackson, 299 F. 3d. 998 (7th Cir. 2000) but only under protective order.**

12.    Explain the basis for your claim that any violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably

6

adapted to avoid such error. Identify what procedures are maintained and how they are adapted to avoid the matters complained of.

**RESPONSE: Defendant reserves the right to present defenses as provided for by the applicable rules and court orders.**

13. If your response to any of the requests for admissions is anything other than an unqualified admission, please explain the basis for your denial.

**RESPONSE: The false nature of the requests form the basis for all denials and defendants responses adequately address all denials or equivocal admissions.**

14. With respect to each expert whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**ANSWER: Defendant reserves the right to name witnesses as required by the court and the agreed upon discovery schedule.**

## III. REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

1. All documents transmitted to plaintiff by defendant with respect to the alleged debt of plaintiff.

**RESPONSE: Plaintiff is in possession of all of the actual letters sent to plaintiff.**

2. All documents relating to plaintiff, or which are indexed, filed or retrievable under plaintiffs name or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiff.

5822324v1 843461

<u>RESPONSE:</u> **Investigation continues.**

      3.    All documents relating to any testing done of defendant's collection letters

(surveys, focus groups, readability analysis, etc.).

<u>RESPONSE:</u> **Defendant objects to this request as it is vague and ambiguous and overly broad as to the terms "any testing." Without waiving said objections, defendant states that there is no official testing done to its letters as described in this request. The letters are at times visually inspected. No systematic or official documents are kept regarding such inspections.**

      4.    All manuals, memoranda, instructions and other documents which discuss,

describe or set forth standards, criteria, guidelines, policies or practices relating to the Fair Debt

Collection Practices Act, or state statutes regulating debt collectors or debt collection.

<u>RESPONSE:</u> **Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

      5.    All manuals, memoranda, instructions, and other documents setting forth

defendant's policies, procedures or practices relating to the collection of debts.

<u>RESPONSE:</u> **Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

      6.    All manuals, memoranda, instructions, and other documents referring to

the form of letter represented by <u>Exhibit A</u>.

<u>RESPONSE:</u> **Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

      7.    All documents relating to any judicial or administrative proceeding

(irrespective of date) in which defendant was accused of violating the Fair Debt Collection

Practices Act, any state statute regulating collection practices, or of committing a tort while

engaging in collection activities.

<u>RESPONSE:</u> **Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

5822324v1 843461

8.     All documents relating to any complaint, criticism or inquiry, by any person, concerning defendant's compliance with the Fair Debt Collection Practices Act, or state statutes regulating debt collection activities, or collection practices generally.

**RESPONSE: Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

9.     All documents (irrespective of date) relating to any claim made against defendant for violating the Fair Debt Collection Practices Act, any state statute regulating collection practices, or of committing a tort while engaging in collection activities.

**RESPONSE: Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

10.     All documents (irrespective of date) which constitute or reflect communications between defendant and public or private agencies that receive consumer complaints (such as an Attorney General's office, the Federal Trade Commission, a Better Business Bureau or newspaper column), relating to collection activities of defendant.

**RESPONSE: Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

11.     All documents (irrespective of date) that discuss defendant's compliance or lack of compliance with the Fair Debt Collection Practices Act.

**RESPONSE: Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

12.     If Exhibit A was printed or mailed by someone other than defendant, all contracts pursuant to which such printing or mailing was done and all records, invoices and checks (or other payment instruments) relating to such printing or mailing.

**RESPONSE: Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

5822324v1 843461

13. All documents showing the number of examples of <u>Exhibit A</u> mailed by or on behalf of defendant, and the geographic areas or periods of time of such mailings.

**RESPONSE: Defendant objects to this request as it is irrelevant, too broad and unduly burdensome.**

14. All organizational charts of defendant.

**RESPONSE: Defendants object to this request on the basis it is overbroad and unduly burdensome.**

15. All insurance policies that may afford coverage with respect to the matters complained of, together with all correspondence accepting or declining coverage or reserving rights with respect thereto.

**RESPONSE: Defendant is insured under Gulf Insurance Group Errors and Omissions Liability Insurance, policy number GA949-92-38.**

16. All documents relating to the maintenance by defendant of procedures adapted to avoid any violation of the Fair Debt Collection Practices Act.

**RESPONSE: Defendants object to this request on the basis it is overbroad and unduly burdensome.**

17. All documents setting forth defendant's document destruction and retention policies.

**RESPONSE: Objection. In addition to its General Objections, this request seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as to damages or liability in this case.**

18. Defendant's annual financial statements, annual reports, semiannual and quarterly financial statements, credit applications and tax returns for the last three years.

**RESPONSE: In addition to its General Objections, defendants object to this Request on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature. Subject to and without waiving said objection, in the event a class is certified, defendants will produce documents relevant to their respective net worth as described in <u>Sanders v. Jackson</u>, 299 F. 3d. 998 (7th Cir. 2000) but only under protective order.**

10

19. All credit applications or financial statements defendant issued within the last 3 years.

**RESPONSE: In addition to its General Objections, defendants object to this Request on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature. Subject to and without waiving said objection, in the event a class is certified, defendants will produce documents relevant to their respective net worth as described in <u>Sanders v. Jackson</u>, 299 F. 3d. 998 (7th Cir. 2000) but only under protective order.**

20. All information submitted by defendant to Dun & Bradstreet, Fitch, or any other entity which rates the creditworthiness or financial soundness of defendant or securities relating to defendant, during the last three years.

**RESPONSE: In addition to its General Objections, defendants object to this Request on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature. Subject to and without waiving said objection, in the event a class is certified, defendants will produce documents relevant to their respective net worth as described in <u>Sanders v. Jackson</u>, 299 F. 3d. 998 (7th Cir. 2000) but only under protective order.**

21. All proposals and bids defendant submitted to governmental agencies which describe defendant's business.

**RESPONSE: In addition to its General Objections, defendants object to this Request on the grounds that it is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence in that it is premature. Subject to and without waiving said objection, in the event a class is certified, defendants will produce documents relevant to their respective net worth as described in <u>Sanders v. Jackson</u>, 299 F. 3d. 998 (7th Cir. 2000) but only under protective order.**

22. One copy of each different form letter defendant sends to debtors.

**RESPONSE: Defendant objects because this request is overbroad and unduly burdensome. Furthermore, defendants also object because said request asks for documents irrelevant to the subject matter of the complaint.**

23. The complete file, including but not limited to computer information, for all (a) natural persons residing in Illinois (b) to whom defendant sent a letter containing both the

11

statement that "If for some reason you believe this debt is not valid . . . ." and the statement

"Interest may accrue on unpaid balances" (c) seeking to collect a K-Mart credit card, (d) on or

after June 1, 2003 and (e) on or before June 20, 2004.

**RESPONSE:** **Defendant objects as this request seeks an unauthorized third-party disclosure that is prohibited by law under the FDCPA.**

M.R.S. ASSOCIATES, INC.

By: _____
One of its attorneys

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000
312-704-3001 (FAX)

5822324v1 843461

## VERIFICATION

I, Dan McCusker, being first duly sworn upon oath, hereby depose and state that I serve as Representative of Defendant herein.  The foregoing Answers to Interrogatories, Responses to Production of Documents and Responses to Requests for Admission to Defendant, are true and correct to the best of my knowledge, information and belief.

Dan McCusker on behalf of Defendant,
M.R.S. ASSOCIATES, INC.

Subscribed and Sworn to Before

me this 13th day of October 2004.

NOTARY PUBLIC

Barbara A. Gratto
Notary Public
Camden County, New Jersey
My Commission Expires 9 / 17 / 2008

CASE NO. _04 CV 50244_

APPENDIX    D
~~ATTACHMENT NO.~~_____

TAB DESCRIPTION_____

EXHIBIT    _____

## Alex Burke

**From:**    Alex Burke [aburke@edcombs.com]
**Sent:**    Tuesday, January 11, 2005 8:40 AM
**To:**    'Todd Stelter'
**Subject:** Ruth v. MRS

Todd,

You have not returned my telephone call of last Thursday to discuss discovery in Ruth v. MRS.  Please call me to discuss today.

Alex

CASE NO. _04 CV 50244_

APPENDIX E

~~ATTACHMENT NO.~~_____

TAB DESCRIPTION_____

EXHIBIT _____

## Alexander Burke

**From:** "Todd Stelter" <TStelter@hinshawlaw.com>
**To:** "Alexander H. Burke" <aburke@edcombs.com>
**Sent:** Thursday, August 19, 2004 12:30 PM
**Subject:** Re: MRS & Assoc.

Yes.

Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
tel: (312) 704-3000
fax: (312) 704-3001

"Alexander H. Burke" <aburke@edcombs.com>

08/18/2004 03:27 PM

| | |
|---|---|
| To: | "Todd Stelter" <tstelter@hinshawlaw.com> |
| cc: | |
| Subject: | MRS & Assoc. |

Todd,

With respect to your discovery, would you like to agree that your already-propounded discovery will be due 30 days from today?

Also, we are happy to produce the Ms. Ruth for a deposition in Rockford.

Alex

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

CASE NO. _04 CV 50244_

APPENDIX F

~~ATTACHMENT NO.~~ _____

TAB DESCRIPTION _____

EXHIBIT _____

## Alexander Burke

**From:** "Alexander H. Burke" <aburke@edcombs.com>
**To:** "Todd Stelter" <TStelter@hinshawlaw.com>
**Sent:** Friday, September 24, 2004 4:43 PM
**Subject:** Re: Sims v. GC Services;

Todd,

You may recall that we already have leave to file a reply. See transcript of proceedings in front of Judge Mihm, pp.24-26.

Thank you for communicating, though. If we do this more in the future, I think things will go much more smoothly. To that end, please fax me your discovery responses in the MRS case.

Alex

----- Original Message -----
**From:** Todd Stelter
**To:** aburke@edcombs.com
**Cc:** David M. Schultz
**Sent:** Friday, September 24, 2004 4:39 PM
**Subject:** Sims v. GC Services;

Alex,

I note that you have filed a Reply to our Response to your Motion for Class Certification. As you well know, you do not have leave to do this. Rule 7.1(B)(1) of the Central District clearly states "No reply to the response is permitted unless the response is to a motion for summary judgment."

I expect you to withdraw your reply immediately. Please be courteous enough to at least spare me from drafting another motion to strike which you know will be granted.

Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
tel: (312) 704-3000
fax: (312) 704-3001

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply

e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

CASE NO. _04 CV 50244_

APPENDIX  G

~~ATTACHMENT NO.~~_____

TAB DESCRIPTION_____

EXHIBIT  _____

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Phone: 312/739-4200
Fax: 312/419-0379

October 4, 2004

***Via Facsimile***
David M. Schultz, Esq.
Todd Stelter, Esq.
HINSHAW & CULBERTSON, LLP
222 N. LaSalle, Suite 300
Chicago, Illinois 60601
Phone: (312) 704-3000
Fax: (312) 704-3001

Re:    ***Ruth v. MRS & Assoc. 04 C 50244 (N.D.Ill.)***

Dear Todd,

I have not yet received your responses to plaintiffs' first discovery requests. This is my second correspondence regarding these late responses, you did not respond to my email two weeks ago requesting that you fax the responses.

Had you asked for more time to respond, we would not be in this situation. However, you did not. If you do not contact me today regarding this issue, I will be forced to bring a motion to compel.

Sincerely,

Alexander H. Burke

```
*************** -COMM. JOURNAL- ***************** DATE OCT-04-2004 ****** TIME 10:45 *********

        MODE = MEMORY TRANSMISSION          START=OCT-04 10:45    END=OCT-04 10:45

        FILE NO.=957

   STN   COMM.   ONE-TOUCH/   STATION NAME/TEL. NO.                    PAGES    DURATION
   NO.           ABBR NO.

   001   OK      *            11388#7043001#                           002/002  00:00:18


                                                      -ECLG LLC                 -

   ******************************** -ECLG LLC       - ****** -       3124190379- *********
```

# LAW OFFICES
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle
18th Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

## FACSIMILE TRANSMISSION

TO:       David M. Schultz, Esq.; Todd Stelter, Esq.

FAX NO:   704-3001

FROM:     Alex Burke

RE:       Ruth v. MRS & Assoc.

FILE NO:  11388

DATE:     October 4, 2004              Pages: 2 w/cover

                            ***

Comments:

PRIVILEGED COMMUNICATION

PLEASE PHONE 312/739-4200 IF YOU DO NOT RECEIVE ALL THE PAGES. This fax may contain
confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee(or are
authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in
error, please contact the sender by telephone or fax immediately and return by U.S. Mail.

LAW OFFICES
## EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle
18th Floor
Chicago, Illinois 60603
Phone 312/739-4200
Fax 312/419-0379

FACSIMILE TRANSMISSION

TO:      David M. Schultz, Esq.; Todd Stelter, Esq.

FAX NO:    704-3001

FROM:    Alex Burke

RE:      Ruth v. MRS & Assoc.

FILE NO:   11388

DATE:    October 4, 2004          Pages: 2 w/cover

***

Comments:

PRIVILEGED COMMUNICATION

PLEASE PHONE 312/739-4200 IF YOU DO NOT RECEIVE ALL THE PAGES. This fax may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee(or are authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in error, please contact the sender by telephone or fax immediately and return by U.S. Mail.

CASE NO. _04 CV 50244_

~~ATTACHMENT NO.~~ APPENDIX   H

TAB DESCRIPTION_____

EXHIBIT   _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PAUL E. LUCAS, SR. and          )
RUBY M. LUCAS,                  )
                                )
            Plaintiffs          )
                                )
      v.                        )   Case No. 2:03 cv 498
                                )
GC SERVICES L.P.; DLS           )
ENTERPRISES, INC.; and GC       )
FINANCIAL CORPORATION,          )
                                )
            Defendants          )

ORDER

This matter is before the court on the Renewed Motion to
Compel filed by the plaintiffs, Paul and Ruby Lucas, on September
22, 2004; the Cross-Motion to Stay Discovery filed by the defend-
ants, GC Services, DLS Enterprises, and GC Financial Corporation,
on October 5, 2004; the Motion to Add Supplemental Authority to
Motion to Dismiss filed by the defendants on September 17, 2004;
the Motion to Add Supplemental Authority to Certain Motions
Pending filed by the defendants on October 19, 2004; and the
Motion for Leave to File Additional Authority in Support of
Opposition to Dismiss and Opposition to Strike the Expert Opinion
of Dr. Timothy Shanahan filed by the plaintiffs on October 25,
2004.  For the reasons set forth below, the motion to compel is
**GRANTED**, the motion to stay is **DENIED**, the motion to add supple-
mental authority filed on September 17, 2004 is **GRANTED**, the
motion to add supplemental authority filed on October 19, 2004 is

**DENIED**, and the motion to add additional authority filed on
October 25, 2004 is **GRANTED**.

<u>Background</u>

This discovery dispute arises from a suit filed by Paul and
Ruby Lucas on November 19, 2003, alleging that a dunning letter
sent to them by the defendant, GC Services, violated the Fair
Debt Collection Practices Act ("FDCPA"). Defendants DLS Enter-
prises and GC Financial Corporation are the general partners of
GC Services (collectively called "GCS").

On January 30, 2004, the plaintiffs filed their first motion
for Class Certification, which the plaintiffs renewed by permis-
sion of the court on August 20, 2004. On February 25, 2004, the
plaintiffs served discovery on the defendants in the form of
requests for admissions, interrogatories, and requests for
production of documents. The majority of this discovery was
relevant to the issue of class certification. On April 21, 2004,
the defendants responded to the plaintiffs' discovery. These
responses are the subject of the current motion to compel.

On June 10, 2004, the plaintiffs filed their first motion to
compel seeking to compel the defendants to answer their discovery
more completely. On June 24, 2004, the defendants filed a cross-
motion to compel because the plaintiffs did not sign their
responses to the discovery propounded by the defendants. On
August 6, 2004, this court denied both motions to compel without
prejudice because neither party filed a certification pursuant to
Local Rule 37.1.

On September 2, 2004, the defendants filed a motion to dismiss the plaintiffs' amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On September 22, 2004, the plaintiffs renewed their June motion to compel because the defendants still had not corrected their deficient discovery responses. The renewed motion contained an affidavit from the plaintiffs' attorney, Alexander H. Burke, stating that the parties attempted to confer on September 20, 2004. Attorney Burke stated that the defendants' position was that the plaintiffs' original discovery was rendered moot by this court's Order of August 6, 2004, and that the plaintiffs must propound new discovery requests. Finally, on October 5, 2004, the defendants filed a motion to stay discovery until after the court ruled on the defendants' motion to dismiss. The discovery deadline for this case is January 31, 2005.

### Discussion

Federal Rule of Civil Procedure 37(a)(2)(A) states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions," provided that the movant certifies that it first attempted to confer with the side not making disclosure. Rule 37(a)(3) states that "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Finally, Rule 37(c)(1) states that a party who fails to disclose, provides false or misleading disclosure, or refuses to admit information required by Rule 26(a) without

3

"substantial justification" may be sanctioned unless such failure was "harmless." *See Musser v. Gentiva Health Services*, 356 F.3d 751, 755 (7th Cir. 2004); *Salgado v. General Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). The trial court has broad discretion to determine whether a violation is justified or harmless. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

Under Rule 37(c), the trial court may impose sanctions which include the payment of attorney's fees, designating certain facts as established, preventing the disobedient party from supporting or opposing designated claims or defenses or "introducing designated matters in evidence," and striking pleadings. *See* Federal Rule of Civil Procedure 37(b)(2)(A)-(C); Federal Rule of Civil Procedure 37(c)(1). However, the sanctions chosen by the court must be such that "a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Salgado*, 150 F.3d at 640; *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001). Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court may consider the "bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David*, 324 F.3d at 857.

In this instance, the GCS's discovery responses were egregiously evasive and incomplete. Within their responses to the plaintiffs' requests for admissions, GCS objected to Request No. 2 to admit the designation "867-01" was a "form number" because

4

the term "form number" was vague and ambiguous. Despite the plaintiffs attaching photocopies of the letters GCS sent to the plaintiffs and inviting GCS to review the originals at its convenience, GCS denied Requests Nos. 3-8 to admit the number of persons to whom those form letters were sent on the grounds that the exhibits did not "accurately reflect the font print on the letters sent by GCS." GCS refused to answer Requests No. 9-11 regarding the "defendant's" net worth on the basis that the term "defendant" was vague and ambiguous, and then stated that it would be willing to provide this information if a class is certified.

Turning to the defendants' answers to interrogatories, the defendants stated that they could not determine who authorized, approved, or was aware of the form letter sent to the plaintiffs because it was developed over a substantial period of time. Defendants refused to describe the process by which GCS transmitted the letters on the grounds that the interrogatory was vague and overbroad and that the exhibits attached "are not originals and do not adequately represent the letters to the plaintiffs." Defendants refused to answer interrogatories directed at steps GCS takes to collect a debt or describing document destruction and retention policies because these requests were vague, overbroad, and not reasonably calculated to lead to discoverable evidence. GCS categorically refused to answer interrogatories regarding Indiana residents who received the form letter at issue and the defendants' net worth on the grounds that this informa-

5

tion is only relevant if a class is certified, and then further stated that because the photocopies letters did not "adequately represent the form letters sent by GCS, there are no people sent said letter."

Finally, with respect to the defendants' responses to requests for production of documents, the defendants claimed that virtually every document requested by the plaintiffs, from the technical specifications for paper, ink, and, manuals, and other memoranda setting forth instructions for compliance with the FDCA to pre-existing organizational charts for GCS, are protected by the attorney-client and work-product privileges. Defendants have refused to provide information regarding who, other than the defendants, printed or mailed the form letters on the same grounds.

In short, GCS has responded to the discovery propounded by the plaintiffs by providing no responses at all. Aside from numerous other illogical objections, defendants have taken the preposterous position that they do not have to answer much of the plaintiffs' discovery because the photocopies of the original letters are not "adequately representative" of the originals themselves, despite invitations by the plaintiffs to review the actual documents. Moreover, the defendants have cited the attorney-client and work-product privileges as a basis for refusing to provide information that so obviously falls outside these privileges that it does not merit discussion. Finally, the defendants have refused to respond to discovery largely on the

6

grounds that it is only relevant in the event a class is certi-
fied, even though the defendants did not file a motion to stay
discovery on these grounds until after the plaintiffs filed their
second motion to compel and over one month following the plain-
tiffs' motion to dismiss.

The defendants do not get to determine unilaterally the
scope and timing of discovery. The plaintiffs filed their first
motion for class certification on January 30, 2004, one month
before propounding discovery regarding the class issues on the
defendants. Yet the defendants did not raise the scope or
relevancy of this discovery to the court in the six months
preceding the defendants' June 24, 2004 response to the first
motion to compel, in the response itself, or in the motion to
dismiss filed by the defendants on September 2, 2004. Neverthe-
less, since April 21, 2004, the defendants have determined that
they do not need to respond to the plaintiffs' discovery until
after the court has ruled on the motion for class certification.
While there may be merit in staying discovery of class issues
pending a motion to dismiss, the defendants have lost this
privilege by waiting until after their discovery responses were
due to raise this issue.

In light of the blatant and willful bad faith the defendants
have displayed throughout this discovery dispute, the court finds
the defendants' conduct to be without substantial justification
and harmful to the litigation of this case. Furthermore, the
plaintiffs do not need to propound new discovery upon the defend-

7

ants. The court denied the plaintiffs' first motion to compel on procedural grounds, not on the substantive merit of the plaintiffs' discovery.

---

For the foregoing reasons, the Renewed Motion to Compel filed by the plaintiffs, Paul and Ruby Lucas, on September 22, 2004 is **GRANTED**; the Cross-Motion to Stay Discovery filed by the defendants, GC Services, DLS Enterprises, and GC Financial Corporation, on October 5, 2004 is **DENIED**; the Motion to Add Supplemental Authority to Motion to Dismiss filed by the defendants on September 17, 2004 is **GRANTED**; the Motion to Add Supplemental Authority to Certain Motions Pending filed by the defendants on October 19, 2004 is **DENIED**; and the Motion for Leave to File Additional Authority in Support of Opposition to Dismiss and Opposition to Strike the Expert Opinion of Dr. Timothy Shanahan filed by the plaintiffs on October 25, 2004 is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 37(c), the court further **ORDERS** the following sanctions against the defendants:

1) Requests for Admissions No. 1 and 2 are deemed admitted;

2) The defendants are deemed to admit that the photocopies of the letters sent to the plaintiffs, referenced as "Exhibits A-B" throughout the discovery, do accurately reflect the font print of the letters sent by GCS;

3) The defendants shall respond to all outstanding interrogatories and requests for production within ten (10) days of the date of this order; and

3) The defendants shall pay the plaintiffs' attorney's fees related to both the first motion to

compel filed by the plaintiffs on June 10, 2004
and the renewed motion to compel filed by the
plaintiffs on September 22, 2004. Counsel for the
plaintiffs shall file an affidavit with the court
attesting to fees incurred in litigating these
motions by November 23, 2004.

ENTERED this 3rd day of November, 2004


s/ ANDREW P. RODOVICH
United States Magistrate Judge

9