**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ALICE RUTH; | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

This lawsuit alleges that M.R.S. Associates, Inc. ("MRS") violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by sending illegal form letters to persons who owed K-Mart money.

Specifically, the letter sent to plaintiff (attached hereto as an exhibit to <u>Appendix A</u>) states that "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter." The quoted language is a misstatement of the debtor's exercise of verification rights under 15 U.S.C. §1692g. The debtor may dispute and request verification of the debt for a variety of reasons, not just because she does not believe it is invalid. The statement is therefore untrue, and is a violation of the FDCPA. <u>DeSantis v. Computer Credit, Inc.</u>, 269 F.3d 159 (2d Cir. 2001).

In addition, the letter in <u>Appendix A</u> is confusing and misleading with respect to the amount the recipient must pay. The letter demands an increasing amount, but nothing informs the debtor how to compute or find out the amount to be paid. See <u>Miller, v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.</u>, 214 F.3d 872 (7th Cir. 2000); <u>Chuway v.</u>

1

National Action Financial Services, 362 F.3d 944 (7th Cir. 2004). Thus, the two primary things

the letter tries to convey - - the amount of the debt and the debtor's rights - - are contradictory.

Defendants' Memorandum in Opposition to Plaintiff's Motion for Class

Certification concedes all of the requirements of Rule 23(a) and (b) but one, ("Def. Resp."),

challenging only the plaintiff's adequacy as a class representative, and commonality and

typicality because of her adequacy. As discussed below, defendant's position is without merit,

and class certification is appropriate

## I.     MS. RUTH IS AN ADEQUATE CLASS REPRESENTATIVE

Generally, the only three factors that a court looks at with respect to adequacy are

(1) whether the plaintiff has interests that are antagonistic to the class, (2) whether the plaintiff

has a sufficient interest in the outcome to ensure vigorous advocacy, and (3) plaintiff's counsel's

qualifications, experience, and ability to conduct the litigation vigorously. Gammon v. GC

Services, 162 F.R.D. 313, 317-19 (N.D. Ill. 1995); Mendez v. M.R.S. Assocs., 2004 U.S. Dist.

LEXIS 1490, at *14-16 (N.D.Ill. Aug. 3, 2004). In this case, MRS does not argue that Ms. Ruth

has interests antagonistic to the class, or that she does not have a sufficient interest in the case,

and does not attack plaintiff's counsel. Instead, MRS challenges Ms. Ruth's adequacy based on

how unsophisticated she supposedly is.

The sophistication standard for being an adequate class representative are quite

low, and Ms. Ruth easily fits the part. In the famed Surrowitz opinion, Justice Black extensively

discussed that plaintiff's lack of knowledge with respect to the complaint, finding her adequate.

> [Plaintiff] showed in her answers to questions that she did not understand the
> complaint at all, that she could not explain the statements made in the complaint,
> that she had a very small degree of knowledge as to what the lawsuit was about,
> that she did not know any of the defendants by name, that she did not know the
> nature of their alleged misconduct, and in fact that in signing the verification she
> had merely relied on what her son-in-law had explained to her about the facts in

2

the case. [Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 373 (1966).]

"[C]lass representative status may properly be denied where the class representatives have so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." Baffa v. Donaldson, 222 F.3d 52, 61 (2d Cir. 2000).

Ms. Ruth is conscientious woman, who paid her bills until her son died and she lost his financial aid. (Dep at 26). Defense counsel spends much time trying to make Ms. Ruth look totally unsophisticated. Plaintiff's counsel does not contest this: Ms. Ruth is indeed an unsophisticated consumer. Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 566 (7th Cir. 2004). This should not stop her from being a class representative under a law that is designed to protect her and others like her. Heastie v. Community Bank of Greater Peoria, 125 F.R.D. 669, 677 (N.D.Ill. 1989) Ms. Ruth is the perfect class representative. She is utterly dedicated to this litigation, and understands the importance of representing the other class members, and the gravity of being in court.

Ms. Ruth, who lives in Rock Falls, Illinois, went through great pains to schedule a ride to Rockford for her deposition, which demonstrates her dedication to this case and her duty as class representative. The deposition was originally scheduled for January 25, 2005, and she asked a close friend to take time off from his hourly-wage employment on order to drive her to Rockford. See Appendix B. Defense counsel flippantly cancelled this deposition a few days before it was to take place because he said that he wanted to "put time" into responding to plaintiff's discovery requests. Because defense counsel cancelled the deposition at such a late date, Ms. Ruth's friend was not able to get the hours that he had requested off back, and he lost wages because of the schedule change.

3

Nevertheless, Ms. Ruth was anxious to have the deposition. When defense counsel re-noticed the deposition, he did so untimely, on February 14, for a February 18 deposition. Appendix C. Plaintiff's counsel reluctantly called Ms. Ruth to see if she could make the necessary arrangements for the deposition on such short notice. Plaintiff's suggested that it was probably well within their rights to object to a deposition scheduled with such short notice. Nevertheless, Ms. Ruth made the necessary arrangements to make the 70 mile, 1.25 hour trip.[1] The same friend as before was the only person who was able to drive her to the deposition. She reluctantly requested his assistance, and he took work off again. Although Ms. Ruth lost no money as a result of the deposition, he friend lost two days' wages. That Ms. Ruth thought the deposition was important enough to ask a close friend to make such a sacrifice shows that she takes this litigation seriously, and that she will be a proper class representative.

Defendant's argument that Ms. Ruth is an inadequate class representative because she "has little to no knowledge of the letter itself" is completely unpersuasive. First, despite MRS' attempts to make it seem as though she does not, Ms. Ruth *does* recall the letter that is the subject of this lawsuit. (Dep. at 32-33). That defense counsel's artful deposition questioning appears to have been successful in confusing plaintiff regarding her opening the letter does not change this. MRS omits portions of the transcript from quotations where plaintiff's counsel objects based on repeated questioning, and questioning Ms. Ruth about a letter when she was not permitted to inspect it. (Dep at 36-38). Defense counsel's argument that plaintiff was not able to describe the day she opened the letter (Dep. at 36-37) means nothing; the day she opened the

---

[1] Incidentally, defense counsel's representation that he wanted to concentrate on plaintiff's discovery requests appears to have been false. As of March 6, 2005, six weeks later, defendant has not produced a single page of additional documents. Plaintiff's motion to compel was entered and continued by Magistrate Judge Mahoney until April, 2005.

letter has nothing to do with this lawsuit.

Ms. Ruth understands this lawsuit. She knows that the credit card debt that MRS was trying to collect was her Capitol One credit card. (Dep at 30). Because Ms. Ruth was having difficulty paying all of her bills (not just her Capital One credit card), she meticulously filed each debt collection letter that she received in a file drawer, and then called her attorneys. (Dep. at 33). This shows that although she is not sophisticated, she is organized and conscientious.

MRS tries to makes much of Ms. Ruth's testimony that appears to demonstrate that she does not understand the legal term "power of attorney" (Dep. at 14-17). However, Ms. Ruth knows that she has retained counsel, and that they are helping her with her debts. (Dep. at 17, 42-43). MRS' deposition questions were originally asked before Ms. Ruth was given the chance to examine documents from which defense counsel was reading, one of which was a "limited power of attorney." (Dep. at 15-16). Furthermore, whether Ms. Ruth understands what a "power of attorney" is as opposed to a "limited power of attorney" is neither established by the questions propounded, nor does it have any bearing on this lawsuit. The questioning was totally irrelevant, and was probably designed to make Ms. Ruth more nervous.

With respect to this lawsuit, Ms. Ruth understands that she represents the 4,000 other people who received MRS' illegal letter. (Dep. at 54). She knows that the complaint alleges are that the letter is confusing. (Dep at 58). In fact, just before defense counsel asked Ms. Ruth what portions of the letter were confusing and misleading, he took the letter away from Ms. Ruth. (Dep. at 58). At that point, she stuck to her guns, and told him that she just didn't understand anything in the letter. (Dep. at 58).

MRS argues that Ms. Ruth does not understand that her lawyers are fronting the

money for this lawsuit, and complains that she thinks that she is technically responsible for the entire cost of the lawsuit. Ms. Ruth is, of course, correct: a plaintiff is legally responsible for costs even in the case where she has a contract with her attorneys that provides that the attorneys will discharge this responsibility for her. Between plaintiff and defendant, any award of costs made by the court is against the plaintiff if the defendant wins.

Defense counsel propounded artfully crafted discovery in this case that was designed to trick Ms. Ruth into stating the wrong answer in her deposition. Appendix D. It is no wonder that plaintiff was nervous about the deposition after dealing with MRS' requests to admit, that were not designed to narrow the facts at issue, but could only have been designed to harass. Appendix D. Plaintiff's counsel picked up on this, and assisted Ms. Ruth in understanding the questions, and their significance. Appendix E (Declaration of Alexander H. Burke).

MRS brings up that Ms. Ruth cannot explain the legal term "discovery." Although she may not be able to explain the word "discovery" is as it pertains to a lawsuit, she certainly is engaged in discovery, and takes it seriously. Ms. Ruth spent hours on the telephone with her attorney, Alexander Burke, discussing her discovery responses. (Appendix E) She knew that giving her deposition was important, and she made great efforts to do so. See Mendez v. M.R.S. Assocs., 2004 U.S. Dist. LEXIS 1490, at *14-16 (N.D.Ill. Aug. 3, 2004). MRS' argument is therefore unpersuasive with respect to this motion.

The defense in this case appears to be arguing that an unsophisticated person cannot be a class representative in an FDCPA case. This does not make sense: how can Rule 23 prohibit an unsophisticated consumer from being a class representative, where the FDCPA is designed to protect unsophisticated consumers? Bartlett v. Heibl, 218 F.3d 497, 499 (7th Cir.

6

1997). Although MRS would like there to be, there is no rule of law which says the only

adequate class representative in an FDCPA case is a sophisticated person. <u>Heastie v. Community</u>

<u>Bank of Greater Peoria</u>, <u>supra</u>, 125 F.R.D. 669, 677 (N.D.Ill. 1989); <u>Jenkins v. Mercantile Mortg.</u>

<u>Co.</u>, 231 F. Supp. 2d 737, 744 (N.D.Ill. 2002) (inability to read and unclear understanding of

complaint do not defeat class certification in FDCPA case); <u>see</u> <u>Phillips v. Thompson</u>, 715 F.2d

365, 366 (7th Cir. 1983) (class of mentally retarded persons certified with a mentally retarded

class representative).

   As demonstrated above, each of defendant's arguments are either directly

contradicted by previous testimony by plaintiff, or have no bearing on this case. <u>Johnson v.</u>

<u>Midland Career Inst.</u>, 1993 U.S. Dist. Lexis 14682, at *15 (N.D. Ill. 1993).  This case is

analogous to <u>Avalia v. Van Ru Credit Corp.</u>:

> The defendants contest Avila's adequacy based on his inability to name the
> Connecticut Unfair Trade Practices Act; the fact that his willingness to pay his pro
> rata share of the costs of this litigation if a court should order him to pay such
> costs seems to contradict his lawyers' representations that they will not impose any
> of the costs or fees of the litigation on him; the fact that Avila does not know the
> extent of damages he will recover if he is successful; and the fact that Avila failed
> to recognize a minor allegation in his complaint that the defendants
> mischaracterized in their deposition question. These allegations are insubstantial
> and have little to do with Avila's ability to represent the proposed class
> adequately. The court finds that Avila is an adequate representative.

<u>Avila v. Van Ru Credit Corp.</u>, 1995 U.S. Dist. LEXIS 461, at *31 (N.D.Ill. Jan. 31, 1995).

Plaintiff's motion for class certification should be granted.

## II. TYPICALITY AND COMMONALITY HAVE BEEN MET.

   Defendant argues that Ms. Ruth's claims are not typical of the other class

members, and that her claims are not common to those of the others in the putative class. These

arguments fail.

   Typicality is met where the plaintiff's and the class' claims are based on the same

legal theory. De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983).

Commonality is satisfied when the class representative and the class' claims arise of a common

nucleus of operative fact. Halverson v. Convenient Food Mart, Inc., 69 F.R.D. 331 (N.D. Ill.

1974). As stated in her motion, Ms. Ruth and the class' claims arise out of the act of MRS

sending each of them a nearly identical form letter, and are based on the common legal theory

that the letter violates the FDCPA. Commonality and Typicality are met.

MRS misstates the standard under the FDCPA in arguing that a class member

must be confused by a dunning letter in order to state a cause of action, or to be a class

representative. The standard under the FDCPA is whether the hypothetical unsophisticated

consumer would be confused by a dunning letter, not whether plaintiff actually was. Chauncey v.

JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997); Bartlett v. Heibl, 128 F.3d 497 (7th Cir.

1997); Heintz. v. Jenkins, 514 U.S. 291, 293 (1995) (FDCPA violation where letter was sent to

plaintiff's attorney). Since plaintiff's claims and the class claims are both brought under the

theory that the letter sent to them by MRS violates the FDCPA, plaintiff's claims are common to

those of the class. Factual differences between the class representative's claims and those of the

class are permissible, as long as the class representative's claims arise from the same event or

practice or course of conduct that gives rise to the claims of other class members. De La Fuente

v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983); Mendez v. M.R.S. Assocs., 2004

U.S. Dist. LEXIS 14901, at *10 (N.D.Ill. Aug. 3, 2004) (very similar arguments brought by MRS

rejected by Judge Pallmeyer).

In this case, as addressed in plaintiff's motion, the common practice or course of

conduct is that MRS' sent the same form letter to plaintiff and the class, and she does not

"deviate" from the class, as urged by defendant. MRS quotes the Seventh Circuit's opinion J.H.

8

Cohen & Co. v. American Appraisal Assoc. Inc., 628 F.2d 225, 232 (7th Cir. 1980), for the

proposition that even an "arguable" defense peculiar to the plaintiff may defeat class

certification. The same attorneys made the same argument last summer in MRS v. Mendez, 03 C

6753 2004 U.S. Dist. LEXIS 14901 (N.D.Ill. Aug. 3, 2004) (Pallmeyer, J.). Although not

controlling, Judge Pallmeyer's opinion in that case is persuasive, and well-reasoned:

> *J.H. Cohen* is factually inapposite to the present case, as it did not involve a
> consumer dispute or a debt collection. In *J.H. Cohen,* a mutual fund, Evergreen
> Fund, Inc., filed a class action against a publicly traded company, American
> Appraisal Associates, Inc., alleging that the defendants made material
> misrepresentations that inflated the market price of the company's stock. The
> Evergreen Fund sought to include as plaintiffs all persons who purchased
> securities from American Appraisal over a specified period. *628 F.2d at 995.* The
> court held that the defendants had a defense peculiar to the named plaintiff,
> because the Evergreen Fund was a sophisticated investor, and such investors may
> not be as justified in relying on material misrepresentations as other purchasers of
> American Appraisal's stock. *Id. at 998-99.* The present case is clearly
> distinguishable from *J.H. Cohen,* as Plaintiff's understanding of the letter, or lack
> thereof, does not create peculiar defenses that would cast a cloud on her typicality.
>
> ***
>
> Plaintiff correctly notes that it is M.R.S.'s misstatement of the requirements of *§
> 1692g* that constitutes the violation of the FDCPA, not what Plaintiff, or any other
> member of the class, might have done in response to the misstatement. Whether a
> debt collection letter violates the law is determined according to the
> unsophisticated consumer standard, and thus it is not necessary to even show that
> Plaintiff read the letter or was confused by it.

Mendez v. M.R.S. Assocs., 2004 U.S. Dist. LEXIS 14901, at *12-13 (N.D.Ill. Aug. 3, 2004).

Commonality and typicality have been met.

Even if the standard for typicality in an FDCPA case were that a putative class

representative must be confused by the complained-of letter, defendant's arguments are not

persuasive. Contrary to defendant's urging, Ms. Ruth specifically recalls opening the letter

attached to the complaint (Dep. 36-38), and was in fact confused by the letter: Q: "Do you know

what portions of that letter you have alleged are confusing and misleading in your complaint?"

A: "I just don't understand none of it." (Dep. at 58). Thus, even applying defendant's incorrect standard requiring plaintiff to be confused by the letter, class certification would be proper.

### CONCLUSION

Plaintiff has met all the requirements under Rule 23(a) and (b)(3), and class certification is proper in this case.

Respectfully submitted,

_____

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (fax)

# APPENDIX A

**M.R.S.ASSOCIATES, INC.**
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

# MRS
Associates Inc

Office Hours :
Mon - Thurs 8am - 9pm EST
Fri - 8am - 5pm EST
Sat - 8am - 12pm EST
Sun - 9am - 12pm EST

January 19, 2004

M.R.S.ASSOCIATES, INC.
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

FEB 0 2 2004

04019377-001   21982
ALICE RUTH
407 GOODELL CT
ROCK FALLS IL 61071-1360

| CLT ACCT # : | MRS ACCT # : | ACCOUNT BAL. : |
|---|---|---|
| 5307582055271676 | 04019377 | $634.36 |

RE : CAPITAL ONE (K-MART CARD)
(Interest may accrue on unpaid balances)

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT IN FULL
SEE REVERSE SIDE FOR CREDIT CARD AND WESTERN UNION PAYMENT INFORMATION

RE: CAPITAL ONE (K-MART CARD)
CLT ACCT#: 5307582055271676
MRS ACCT#: 04019377
ACCOUNT BALANCE : $634.36    (Interest may accrue on unpaid balances)

M.R.S.ASSOCIATES, INC.
3 EXECUTIVE CAMPUS, SUITE 400
CHERRY HILL NJ 08002

Dear ALICE RUTH,

The above referenced client has placed your account with our office for collection. This decision was made due to your continued failure to meet your contractual obligation. If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter.

If the debt is not in dispute, then you have an important decision to make: honor your contractual obligation and receive significant positive benefits from satisfying the debt or continue not honoring your contractual obligation and face the possibility of negative consequences. The negative consequences are determined by the terms and conditions of your contract, the applicable laws in your state, and our client's willingness to incur additional costs and expenses (which may in turn be passed on to you!).

Clearly our client would prefer to work with you than against you, however, the decision to proceed with further collection activity is determined by you and your willingness to honor your commitment.

**Which would you prefer the positive benefits or negative consequences? The choice is yours!**

## IMPORTANT CONSUMER INFORMATION

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.
This communication is from a debt collection agency.

Sincerely,

*Dawn Hasenjager*

Dawn Hasenjager
Collection Manager 1-877-508-6306
M.R.S.ASSOCIATES, INC.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

# APPENDIX B

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC

120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
Phone: 312/739-4200
Fax: 312/419-0379

January 19, 2005

**Via Facsimile**

David M Schultz, Esq.
Todd Stelter, Esq.
HINSHAW & CULBERTSON
Ste 300 222 N LaSalle St
Chicago, IL 60601-1081
(312) 704-3000
(312) 704-3001 FAX

**Re:     Lucas v. GC Services (N.D. Ind.); Ruth v. MRS (N.D.Ill.)**

Dear Todd,

        This letter comes in response to your telephone call of this afternoon requesting dates for the deposition of the two plaintiffs in Lucas v. GC Services. We will, of course permit the depositions of the plaintiffs. I will contact them immediately to arrange for a time.

        With respect to noticing depositions, I appreciate you attempting to accommodate my clients and me by calling to set up depositions. However, a telephone call without a written followup notice of deposition stating the time and place of the deposition leaves us in a difficult situation, particularly in cases where our clients do not drive, or have other difficulties getting around.

        For example, I am reasonably sure that Ms. Ruth's deposition in Ruth v. MRS is to take place on January 25, 2005, in the afternoon, but I am not sure where or when. I need to know that information to plan my day, and to have my client plan her day. If I do not get a notice of deposition or a confirmation for that deposition by the close of business tomorrow (January 20, 2005), I will have to object to it going forward on the 25th, based on a lack of notice.

        The same goes for the Lucas depositions. As I stated earlier in that litigation, we request that the depositions take place in Hammond, Indiana, where the case was filed. Please let me know where the deposition will be held, so that I can make travel arrangements for myself and for my clients.

        Accordingly, I must insist that you send a notice of deposition in all cases, or at least

a letter confirming the deposition, and conforming to Fed.R.Civ.P 30(b)(1) - (7). I will certainly do the same.

Sincerely,

Alexander H. Burke

MODE = MEMORY TRANSMISSION          START=JAN-19 16:29     END=JAN-19 16:29

FILE NO.=122

| STN NO. | COMM. | ONE-TOUCH/ABBR NO. | STATION NAME/TEL NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | ☎ | 10549#7043001# | 003/003 | 00:00:24 |

-ECLG LLC          -

**************************** -ECLG LLC     - ***** -     3124190379- *************

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
### 120 South LaSalle Street, 18th Floor
### Chicago, IL 60603
### (312) 739-4200
### (312) 419-0379 (fax)

## FACSIMILE COVER SHEET

**TO:**          David M. Schultz, Esq.
                 Todd Stelter, Esq.

**FAX NO:**      (312) 704-3001

**FROM:**        Alex Burke

**RE:**          *Lucas v. GC Services* and *Ruth v. MRS*

**OUR FILE NO.:** 10549, 11388

**DATE:**        January 19, 2005

**MESSAGE:**     please find attached.

## PRIVILEGED COMMUNICATION

This fax may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee (or are authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in error, please contact the sender by telephone or fax immediately and return by U.S. Mail. *PLEASE PHONE (312) 739-4200 IF YOU DO NOT RECEIVE ALL OF THE INDICATED PAGES.*

# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
### 120 South LaSalle Street, 18th Floor
### Chicago, IL 60603
### (312) 739-4200
### (312) 419-0379 (fax)

## FACSIMILE COVER SHEET

| | |
|---|---|
| TO: | David M. Schultz, Esq. |
| | Todd Stelter, Esq. |
| FAX NO: | (312) 704-3001 |
| FROM: | Alex Burke |
| RE: | *Lucas v. GC Services* and *Ruth v. MRS* |
| OUR FILE NO.: | 10549, 11388 |
| DATE: | January 19, 2005 |

**MESSAGE:** **please find attached.**

## PRIVILEGED COMMUNICATION

This fax may contain confidential material or other matter protected by the attorney-client privilege. Unless you are the addressee (or are authorized to receive this fax for the addressee), you may not copy, use or distribute it. If you receive this fax in error, please contact the sender by telephone or fax immediately and return by U.S. Mail. *PLEASE PHONE (312) 739-4200 IF YOU DO NOT RECEIVE ALL OF THE INDICATED PAGES.*

# APPENDIX C

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| ALICE RUTH,       ) | |
|        ) | |
|      Plaintiff,    ) | |
|        ) | |
|     vs.        ) | Case No.  04 C 50244 |
|        ) | |
| M.R.S. ASSOCIATES, INC.    ) | |
|        ) | |
|      Defendant.    ) | |
|        ) | |

## AMENDED SECOND NOTICE OF DEPOSITION

TO:    Alex Burke, EDELMAN, COMBS, LATTURNER & GOODWIN, 120 S. LaSalle Street, 18th Floor, Chicago, Illinois 60603

**DEPONENTS:    ALICE RUTH**

        YOU ARE HEREBY notified that pursuant to the provisions Federal Rules 26 and 30, the deposition of the above named deponents will be taken for the purpose of discovery before a Notary Public in and for the State of Illinois on:

| | |
|---|---|
| **DATE:** | **February 18, 2005** |
| **TIME:** | **12:30 p.m.** |
| **ADDRESS:** | **HINSHAW & CULBERTSON, LLP** |
| | **100 Park Avenue** |
| | **Rockford, Illinois 61105** |

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312/704-3000
312/704-3001 (FAX)

5277410v1 843461

The undersigned, being first duly sworn on oath, deposes, and says that he/she served a copy of the foregoing Notice to those person(s) to whom it is addressed by faxing and depositing same in the U. S. Mail Chute located at 222 North LaSalle Street, Chicago, Illinois on the 14th day of February 2005,

SUBSCRIBED and SWORN to
before me this 14th day of February 2005.

Notary Public

OFFICIAL SEAL
RAYA LEAHY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/18/05

2

5877410v1 343461

# APPENDIX D

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| ALICE RUTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04 C 50244 |
| | ) | |
| M.R.S. ASSOCIATES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Defendant, M.R.S. ASSOCIATES, INC., by and through its attorneys, David M. Schultz and Todd P. Stelter, pursuant to Federal Rule of Civil Procedure 26 and 36, hereby serves the following Requests for Admissions on plaintiff, ALICE RUTH, to be answered separately by each plaintiff under oath within 30 days.

## INSTRUCTIONS

This Request for Admissions is to be deemed continuing so as to require prompt supplementation if Plaintiff, his/her agents, representatives or attorneys, obtain additional information between the date of the response to these Requests and the date the trial is completed.

For the purpose of this Request for Admissions, the singular shall include the plural and vice versa, and all pronouns shall include the masculine, feminine and neuter when appropriate.

If you claim a privilege or other basis on which you will not admit or deny a request, you are required to state the legal basis on which the response is being withheld and the factual basis for the claim of a right to withhold a response.

11

5810222v1 843461

If you wish to assert a valid objection to a request, you shall state all reasons for the objection in writing and shall respond to the request to the extent that no valid objection is asserted.

## REQUEST FOR ADMISSIONS

1.    Admit that plaintiff herein is ultimately unable to personally bear the costs (including notice costs) of this class action.

2.    Admit that plaintiff herein is ultimately able to personally bear the costs (including notice costs) of this class action.

3.    Admit that plaintiff entered into an agreement with Capital One (K-Mart) wherein Capital One (K-Mart) opened a line of credit in plaintiff's name.

4.    Admit that plaintiff used the Capital One (K-Mart) card after entering into the agreement.

5.    Admit that plaintiff received a copy of her contract with Capital One (K-Mart).

6.    Admit that under the terms and conditions of the Capital One (K-Mart) agreement, plaintiff agreed to waive his/her rights to litigate disputes arising out of the use of the credit card in court and agreed to submit said disputes to arbitration.

7.    Admit that plaintiff herein is unable to identify what property, insurance or services were purchased with her Capital One (K-Mart) card.

8.    Admit that plaintiff herein is able to identify what property, insurance or services were purchased with her Capital One (K-Mart) card.

9.    Admit that plaintiff herein is unable to identify where she signed the contract with Capital One (K-Mart).

10.    Admit that plaintiff herein is able to identify where she signed the contract with Capital One (K-Mart).

11.    Admit that plaintiff owns no real property nor maintains any residences other than her residence in Rock Falls, Illinois.

12.    Admit that plaintiff has personal knowledge of the facts and legal theories of this lawsuit.

13.    Admit that plaintiff does not have personal knowledge of the facts and legal theories of this lawsuit.

14.    Admit that plaintiff understands the purpose of this lawsuit.

5810222v1 843461

15.   Admit that plaintiff does not understand the purpose of this lawsuit.

16.   Admit that plaintiff understands his/her role as a class representative in this lawsuit.

17.   Admit that plaintiff does not understand his/her role as a class representative in this lawsuit.

18.   Admit that plaintiff will bear the "notice costs" and other associated costs of this class action personally.

19.   Admit that plaintiff and plaintiff's counsel have entered into an arrangement or agreement between plaintiff and plaintiff's counsel regarding sharing "notice costs" should a class be certified.

20.   Admit that plaintiff and plaintiff's counsel have entered into an arrangement or agreement between plaintiff and plaintiff's counsel regarding fronting (or assuming the entire payment of) "notice costs" should a class be certified.

21.   Admit that no agreement has been reached between plaintiff and plaintiff's counsel regarding payment of "notice costs" should a class be certified.

Respectfully submitted,

One of the attorneys for Defendant
M.R.S. ASSOCIATES, INC.

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081
(312) 704-3000

5810222v1 843461

# APPENDIX E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| ALICE RUTH; | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

### DECLARATION OF ALEXANDER H. BURKE

Alexander H. Burke declares under penalty of perjury, as provided for by the laws of the United States (28 U.S.C. §1746), that the following statements are true:

1.    I am the associate at Edelman, Combs, Latturner & Goodwin, LLC, who is handling discovery in this case. I am also the attorney primarily responsible for communicating with plaintiff, Alice Ruth.

2.    Ms. Ruth has called me approximately once every other week in order to check up on the status of this case. When I send her motions or other correspondence, she almost always calls me and asks me questions about how the case is progressing, and whether she needs to do anything.

3.    Ms. Ruth and I spent several hours on the telephone in the process of responding to MRS' discovery in this case. The request to admit portion required a particularly long time to answer, because they were drafted in such a confusing way.

Executed at Chicago, Illinois, on March 10, 2005.

Alexander H. Burke

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ALICE RUTH, | ) | |
| | ) | |
| Plaintiff, | ) | 3:04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**NOTICE OF FILING**

**TO**:    David M Schultz, Esq.
Todd Stelter, Esq.
HINSHAW & CULBERTSON, LLP
222 N LaSalle St, Ste 300
Chicago, IL 60601-1081
(312) 704-3000
(312) 704-3001 FAX

      **PLEASE TAKE NOTICE** that on March 11, 2005, we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Western Division, the following document: **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION,** a copy of which is attached hereto and hereby served upon you.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER & GOODWIN LLC
120 S. LaSalle St., 18th Floor
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on March 11, 2005, I caused to be sent a copy of the aforementioned document via facsimile and U.S. Mail to the party listed above.

Daniel A. Edelman