# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50244 | **DATE** | 6/3/2005 |
| **CASE TITLE** | RUTH vs. M.R.S. ASSOCIATES | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff's motion to certify the class is granted. A class is certified consisting of (a) all natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that '[i]f for some reason you believe this debt is not valid . . . .' and the statement '[i]nterest may accrue on unpaid balances' (c) seeking to collect a K-Mart credit card, (d) on or after a date one year prior to the filing of this action and (e) on or before a date 20 days after the filing of this action. This matter is referred to the magistrate judge for purposes of administering notice to the class members and opt-out rights.

■ [ For further details see text below.]

Notices mailed by judge's staff.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiff, Alice Ruth, brings this action against defendant, M.R.S. Associates, Inc., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Jurisdiction is proper under 15 U.S.C. § 1692k (d). She seeks to certify a class consisting of "(a) all natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that '[i]f for some reason you believe this debt is not valid . . . .' and the statement '[i]nterest may accrue on unpaid balances' (c) seeking to collect a K-Mart credit card, (d) on or after a date one year prior to the filing of this action and (e) on or before a date 20 days after the filing of this action." Defendant opposes class certification arguing plaintiff is not an adequate class representative and that the requirements of commonality and typicality are not met. Fed. R. Civ. P. 23 (a) (2)-(4).

A party seeking to certify a class must show the class meets the Rule 23 (a) criteria of (1) numerosity, (2) commonality, (3) typicality and (4) adequacy of representation. See Jackson v. Nat'l Action Fin. Serv., Inc., 227 F.R.D. 284, 286 (N.D. Ill.2005) (Castillo, J.). Defendant estimates the number of members of the purported class at 3,806. Defendant does not contest this meets the numerosity requirement and the court finds that numerosity is satisfied based on this estimate by defendant.

Commonality is met where the class members' claims arise out of a common nucleus of operative fact. Id. at 287. "Courts have consistently found there to be a common nucleus of operative fact where a class's claims arise out of standardized or form documents." Id. Here, the primary issue is whether the language "if for some reason you believe the debt is not valid" and "interest may accrue on unpaid balances," which is contained in the collection letter received by each class member, violates the FDCPA under the unsophisticated consumer standard. It is identical language at issue for each class member. This is a common nucleus of operative fact and commonality is met.

The typicality requirement is met when "each class member's claim arises from the same course of events and each class member makes similar arguments to prove the defendant's liability." Mendez v. M.R.S. Assoc., No. 03 C 6753, 2004 WL 1745779, * 3 (N.D. Ill. Aug. 3, 2004) (Pallmeyer, J.) (internal quotation marks omitted). The class plaintiff seeks to certify is all individuals who received letters from defendant containing the same language, alleged to violate the FDCPA, within the specific time period. These letters are part of the same course of events and the argument that the language in the letters violates the FDCPA under the unsophisticated consumer standard is similar for all class members. Defendant argues that commonality and typicality are not met because plaintiff's situation is not common or typical to other purported class members. Defendant says plaintiff's deposition testimony shows she was unfamiliar with the letter and could not have been confused, mislead or caused to act out of a perceived sense of urgency by the letter because all she looked at on the letters she received was where they came from and then forwarded them to her attorney. Defendant's argument is off the mark. Plaintiff's claim is that the letters were a violation of FDCPA because of the language they contain. Being confused, mislead, or motivated to act out a perceived sense of

**STATEMENT**

urgency are not at issue. The purported class is not of people who were confused, mislead or motivated to act. The purported class is simply people who received the letter containing the specified language. "Plaintiff's individual experience and confusion with the letter . . . do not destroy her typicality with respect to the proposed class." Id. at * 5. Typicality is met. See Id.; Jackson, 227 F.R.D. at 288. To the extent Turner v. Diversified Adjustment Serv., Inc., 2000 WL 748124 (N.D. Ill. May 31, 2000) (Shadur, J.), cited by defendant suggests a different conclusion, the court declines to follow it.

     Defendant challenges plaintiff's adequacy as a class representative claiming her deposition testimony shows she has little understanding of the issues in the case and little awareness of the class she is attempting to represent and that plaintiff's attorneys are the "driving force" behind the lawsuit. Defendant cites numerous passages from plaintiff's deposition where she testifies that the contents of the complaint were her lawyers idea, that she signed the complaint (even though the complaint is only signed by her attorney), that she did not understand what interrogatories were or discovery, that the letter was two pages (when it was only one page), that she does not remember opening the letter, that she did not know what a "class representative" was, and did not know what portion of the letter she considered to be confusing. A class representative is adequate where "(1) the named plaintiff's interests are not antagonistic to the class; (2) the named plaintiff has sufficient interest it the outcome or the suit to insure vigorous advocacy; and (3) the named plaintiff's counsel are qualified, experienced, and able to conduct the litigation vigorously." Jackson, 227 F.R.D. at 289. All these criteria are met. Plaintiff's claims, as discussed above, are identical to the claims of the proposed class and are, therefore, not antagonistic. Id. Plaintiff has shown an interest in the litigation: submitting to her deposition, assisting counsel in answering discovery, and conferring with counsel about the case. This shows the second requirement is met. A lack of knowledge or understanding about the complaint or other aspects of the case does not disqualify a person as a class representative. See Avila v. Van Ru Credit Corp., 1995 WL 41425, *10 (N.D. Ill. Jan. 31, 1995) (Conlon, J.). There is no dispute as to the adequacy of counsel.

     The rule 23 (a) requirements are satisfied. Plaintiff must also satisfy one of the Rule 23 (b) criteria. Rule 23 (b)(3) provides a class action is maintainable if the court finds questions of law or fact common the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Liability in this case is premised on language that appears in letters to each class member. Liability questions based on the language of the letters are subject to class wide proof. See Mendez, 2004 WL 1745779 at *6. The question whether the letters violate the FDCPA is the predominant issue. See Jackson, 227 F.R.D. at 290. The class action is superior to individual actions in this FDCPA case, because potential recovery may be too insignificant for individuals to have incentive to pursue the claim (up to $1,000) and judicial economy will be served by having the liability issue tried only once. See id.

     For the foregoing reasons, plaintiff's motion to certify the class is granted. A class is certified consisting of (a) all natural persons residing in Illinois (b) to whom defendant sent a letter containing both the statement that '[i]f for some reason you believe this debt is not valid . . . .' and the statement '[i]nterest may accrue on unpaid balances' (c) seeking to collect a K-Mart credit card, (d) on or after a date one year prior to the filing of this action and (e) on or before a date 20 days after the filing of this action. This matter is referred to the magistrate judge for purposes of administering notice to the class members and opt-out rights.