**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| ALICE RUTH; | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| | ) | |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SECOND MOTION TO BAR BONA FIDE ERROR DEFENSE**

Plaintiff respectfully requests that this Court enter an order barring defendant from bringing a bona fide error defense because defendant refuses to provide discovery related to it.

In support of this motion, the plaintiff states:

1.      This lawsuit alleges that M.R.S. Associates, Inc. ("MRS") violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by sending confusing form letters to persons who owed K-Mart money.  Appendix A, complaint.  The parties appear to be prepared for summary judgment on the issue of liability on the letter.

2.      Although defendant did not raise one in its answer, Appendix B, the parties have conducted discovery under the assumption that MRS will be asserting a "bona fide error defense" under 15 U.S.C. § 1692k(c).  That section provides that a debt collector may avoid FDCPA liability if it can show "by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."   Specifically, plaintiff propounded discovery in

1

August 2004 asking for documents relating to any such defense. Document requests 16 and 4 requested:

> All documents relating to the maintenance by defendant of procedures adapted to avoid any violation of the Fair Debt Collection Practices Act.

> All manuals, memoranda, instructions and other documents which discuss, describe or set forth standards, criteria, guidelines, policies or practices relating to the Fair Debt Collection Practices Act, or state statutes regulating debt collectors or debt collection. [Appendix C.]

3.      MRS' bona fide error defense in this case appears to be that any violation of the FDCPA was the result of a "mistake of law." The loose procedure that MRS has to avoid FDCPA violations through "mistakes of law" is that letters are reviewed by Jeff Freedman (co-president of MRS), then by Daniel McCusker (general counsel), and then sent to Michale Gee, an outside counsel that has been approved by the American Collector's Association. Appendix D, declaration of Alexander H. Burke.

4.      If defendant is going to argue that it made a "mistake of law" bona fide error defense argument, it must produce all documents relating to the procedures has instituted to avoid such mistakes. Those documents (along with others) have been the subject of three separate motions to compel by plaintiff. Each time, defendant has come to court asking for time to produce relevant materials, and each time defendant has come up short. The last time the parties were in court, June 19, 2005, plaintiff was permitted to take three 1.5 hour depositions of persons relating to the "mistake of law" bona fide error defense.

5.      Appendix E, a letter from defendant's insurance company explicitly stating that coverage was being denied "because the claim is based up, arises from or in consequence of a uniform written notice or letter issued to a consumer in connection with debt, which has not been reviewed and approved in accordance with applicable policy provisions."

Defendant originally objected to production of Appendix E, arguing that it was "irrelevant." The smoking gun document was only produced after defendant was compelled to do so.

6.     Plaintiff still does not know what happened with the letter review process MRS is relying upon in its "mistake of law" defense because correspondence and other documents having to do with the process have not been produced. Daniel McCusker, general counsel, testified that although he has voluminous documentation regarding the letter at issue in this case and whether it went through the review process, he was never asked to go through his files in order to produce any of it. Appendix D, declaration of Alexander H. Burke.

7.     Defendant cannot argue that it maintains procedures to avoid FDCPA liability, and then not produce evidence probative as to whether it followed those procedures. Lucas v. GC Services, 226 F.R.D. 328; 2004 U.S. Dist. LEXIS 27597, at *9 (N.D.Ind. Nov. 2, 2004), later opinions Feb. 3, 2005 (further sanctions) and Feb. 28, 2005 (Appendix F). Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725, 733 (7th Cir. 2004); Kovilic Const. Co. v. Missbrenner, 106 F.3d 768, 773 (7th Cir. 1997); In re Golant, 239 F.3d 931, 936 (7th Cir. 2001); United States v. DiMucci, 879 F.2d 1488, 1493-94 (7th Cir. 1989); See also National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976) (default affirmed in view of party's "flagrant bad faith" and "callous disregard" for their discovery responsibilities); Loctite Corp. v. Fel-Pro, Inc., 667 F.2d 577, 582-83 (7th Cir. 1981) (default affirmed in trademark case where plaintiff failed to disclose liability-related discovery).

8.     Plaintiff has attempted to get these documents without court intervention, with no success. Appendices G, H and I. Defendant never responded at all to Appendix I (an email sent on September 14, 2005), which essentially pleads with defendant to produce the documents, or to waive the defense.

3

9.      There is no justification for not producing these relevant and probative documents.  Not responding to plaintiff's request in <u>Appendix I</u> for over a month is discourteous and unprofessional.  Plaintiff's motion should be granted.

WHEREFORE, requests that this Court enter an order striking defendant's bona fide error defense because defendant refuses to provide discovery related to it.

Respectfully submitted,

<u>s/Alexander H. Burke</u>
Alexander H. Burke

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

       I, Alexander H. Burke, hereby certify that, on October 17, 2005, I caused to be served a true and correct copy of the attached document via electronic filing to the following persons:

       David M. Schultz, Esq.
       Todd Stelter, Esq.
       Hinshaw & Culbertson
       222 North LaSalle Street, Suite 300
       Chicago, IL 60601
       Tel: 312-704-3000
       Fax: 312-704-3001

                                      s/Alexander H. Burke
                                      Alexander H. Burke

J:\Case\mrs11.388\pleading\Motion strike bona fide error.wpd