IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ALICE RUTH; | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 50244 |
| | ) | |
| v. | ) | Judge Philip G. Reinhard |
| | ) | Magistrate Judge P. Michael Mahoney |
| M.R.S. ASSOCIATES, INC., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff has requested that the Court grant summary judgment on the issue of liability in favor of herself and the certified class against MRS for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692e and 1692g ("FDCPA"). Plaintiff requests that the Court hold that the form debt collection letters sent to plaintiff and the class violate the FDCPA. See Mendez v. M.R.S. Assocs., 2005 U.S. Dist. LEXIS 13705 (N.D.Ill. June 27, 2005) (summary judgment entered for plaintiff on nearly identical standard form letter[1]).

**I.     THE FAIR DEBT COLLECTION PRACTICES ACT**

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors". 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998); Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

---

[1] But see Stines v. M.R.S. Associates, Inc., 1:04-CV-0771-SEB-JPG (S.D.Ind. Sept. 30, 2005), and Lucas v. M.R.S. Associates, Inc., 2:03 C 422 (N.D.Ind. Aug. 11, 2005).

In enacting the FDCPA, Congress recognized the --

> **universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.**

S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697.

The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996); Gammon v. GC Services, LP, 27 F.3d 1254 (7th Cir. 1994). The standard is an objective one -- whether the plaintiff or any class member was misled is not an element of a cause of action. "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F.Supp. 383, 392 (D.Del. 1991).

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. Cirkot v. Diversified Fin. Services, Inc., 839 F.Supp. 941 (D. Conn. 1993).

> **The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.**

N.C. Freed Co. v. Board of Governors, 473 F.2d 1210, 1214 (2d Cir. 1973).

"The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." Keele v. Wexler, 149 F.3d 589, 593 (7th Cir. 1998).

The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. Crabill v. Trans Union, L.L.C., 259 F.3d 662, 666 (7th Cir. 2001); Baker, 677 F.2d at 780; Whatley v. Universal Collection Bureau, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981). "Congress intended the Act to be enforced primarily by consumers . . . ." FTC v. Shaffner, 626 F.2d 32, 35 (7th Cir. 1980). "Congress painted with a broad brush

2

in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them . . . ." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989).

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." Cacace v. Lucas, 775 F. Supp. at 505. Accord, Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003); Gearing v. Check Brokerage Corp., 233 F.3d 469, 472 (7th Cir. 2000).

## II. STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). The moving party bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law of the issues raised by the claims asserted in the complaint determines what is "material" for purposes of a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 251.

## III. FACTS

Defendant M.R.S. Associates, Inc. ("MRS") is a corporation with its principal place of business at 3 Executive Campus, Suite 400, Cherry Hill, NJ 08002. SMF ¶ 1. M.R.S. operates a collection agency and is a "debt collector" as defined in the FDCPA. SMF ¶ 1.

On or about January 19, 2004, MRS sent a collection letter to plaintiff's home in Rock Falls, Illinois. SMF ¶ 2. The collection letter sought to collect on a credit card debt incurred for personal, family or household use, and was the initial letter defendant sent plaintiff

regarding this debt. SMF ¶ 3. Plaintiff received it shortly after it was sent. SMF ¶ 3.

The collection letter states that "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter." SMF ¶ 4. The letter also indicates an "account balance" at the top, that "interest may accrue on unpaid balances," and then requests that the recipient "honor your contractual obligation." SMF ¶ 5.

Plaintiff is an unsophistocated consumer. SMF ¶ 6. The highest level of education that she has obtained is 11th Grade. SMF ¶ 6. Plaintiff encountered financial troubles only when her son, who was assisting her with her bills, was killed in 2002. SMF ¶ 6. Plaintiff was confused by the debt collection letter complained of here. SMF ¶ 6.

Defendant has waived any and all bona fide error defenses in this case. SMF ¶ 7.

### III. MRS' COLLECTION LETTERS IMPROPERLY LIMIT THE EFFECT OF THE NOTICE REQUIRED BY 15 U.S.C. § 1692g NOTICE AND VIOLATE THE FDCPA.

Section 1692g(a)(1) provides that within 5 days of an initial communication the debt collector must notify the consumer of the amount of the debt, and § 1692(a)(2) requires that the debtor be notified of the current creditor. These sections enable the consumer to recognize the alleged debt. See Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004). A debt's origin is not always clear in a world in which billions of dollars of old debts are purchased and sold by debt buying companies and in which banks merge and change their names frequently. *See* C. Mayer, *As Debt Collectors Multiply, So Do Consumer Complaints*, Washington Post, July 22, 2005, at A 01. Identity theft is rampant. *FTC Prepared Statement on Data Breaches and Identity Theft Before the Senate Committee on Commerce, Science, and Transportation* (June 16, 2005), at 2-3. If the consumer does not recognize the debt, or wishes to request validation for any other reason, she may request validation of the debt and/or the name of the original creditor pursuant to § 1692g(b), as explained in §§ 1692g(a)(3) through (5).

The thirty-day validation notice is a "significant" consumer protection, intended to minimize instances of mistaken identity or mistake as to the amount or existence of a debt.

S.Rep. No. 95-382, 95th Cong., 1st. Sess., p. 3, *reprinted in* 1977 USCCAN 1695, 1697. "This provision will eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Id., 1977 USCCAN at 1698. Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914, 919 (7th Cir. 2004) (citing senate testimony and holding that summons and complaint in state collection action must include § 1692g validation notice if they are sole communication by collector).

       Unfortunately, some debt collectors draft the language of letters in ways that make it difficult for consumers to understand their rights under § 1692g. Such letters violate the FDCPA. A District Court should enter judgment for the plaintiff in an FDCPA case based on the text of a collection letter under § 1692g without extrinsic evidence that it is confusing or misleading if:

       1.    Any disclosure required by § 1692g is simply absent, as in Miller, v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000) (statute requires "amount of the debt"; letter stated that unpaid principal balance of residential mortgage loan was $178,844.65, and that this did not include unspecified accrued but unpaid interest, unpaid late charges, escrow advances, and other charges authorized by loan agreement); and Frye v. Bowman, Heintz, Boscia & Vician, P.C., 193 F. Supp.2d 1070, 1083-84 (S.D.Ind. 2002) (similar);

       2.    The letter contains statements contradicting the required disclosures, such as in Bartlett v. Heibl, 128 F.3d 497 (7th Cir. 1997) (threat to sue within the validation period; court reversed a judgment for the defendant entered after a bench trial and ordered judgment for the plaintiff); and Chauncey v. JDR Recovery Corp., 118 F.3d 516 (7th Cir. 1997) (court affirmed a summary judgment for plaintiff where the collection letter required action within 30 days after its date, rather than after receipt);

       3.    The letter contains statements which are obviously false, such as in Kort v. Diversified Collection Services, 270 F. Supp.2d 1017, 1025 (N.D.Ill. 2003) (collection letter

inaccurately stated that administrative wage garnishment could begin during the validation period); Whitten v. ARS National Services, Inc., 2002 WL 1332001, 2002 U.S.Dist. LEXIS 10828, *15 (N.D.Ill. June 18, 2002) ("this court did not consider it necessary to require plaintiff to put on additional evidence of actual consumer confusion");

    4.    "[I]t is apparent just from reading the letter that it is unclear", Chuway v. National Action Financial Services, Inc., 362 F.3d 944, 948 (7th Cir. 2004).

MRS' letters to plaintiff and the class fall into categories 2, 3 and 4. The statement, "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter," contradicts the consumer's absolute right to invoke § 1692g(b): a consumer may dispute the debt for a good reason, bad reason or any reason at all. DeSantis v. Computer Credit, Inc., 269 F.3d 159 (2d Cir. 2001); Mendez v. M.R.S. Assocs., 2005 U.S. Dist. LEXIS 13705, at * 13-14 (N.D.Ill. June 27, 2005). Because the consumer has the right to dispute the debt whether or not she believes the debt is "valid," the text of MRS' reference to the § 1692g notice is inaccurate as to the consumer's right to dispute the debt, and contradicts §§ 1692g(a)(3) and 1692g(b), thus violating the FDCPA. This is a false statement concerning the consumer's right to validation, and because it contradicts § 1692g, it is confusing.

Further, the letter is confusing and misleading with respect to the amount the recipient must pay. 15 U.S.C. § 1692g(a)(1). The letter gives an "account balance" at the top, but states that "interest may accrue on unpaid balances." The debt is a credit card, which normally does accrue interest; however, the letter does not definitely state whether or not it does accrue, and is therefore inaccurate. The letter then demands that the debtor "honor your contractual obligation," which could be the "account balance," or the "account balance" plus interest. Nothing informs the debtor how to compute or find out the amount to be paid. See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir. 2004). These two violations are more fully briefed below.

  **A. The Language "if for some reason you believe this debt is not valid please review your rights listed at the bottom of this letter" Is Confusing when Read Along with § 1692g and Therefore Violates the FDCPA.**

  In <u>Bartlett v. Heibl</u>, 128 F.3d 497, 500 (7th Cir. 1997), the Court of Appeals held that "[t]he statute does not say in so many words that the disclosures required by it must be made in a nonconfusing manner. But the courts, our own included, have held, plausibly enough, that it is implicit that the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." <u>Id.</u>, at 500.

  MRS' letter states that "If for some reason you believe this debt is not valid, please review your rights listed at the bottom of this letter." SMF ¶ 4.

  This language is an impermissible condition on the debtor's exercise of verification rights under 15 U.S.C. §1692g. The debtor may dispute and request verification of the debt for any reason at all. Plaintiff concedes that some reasons may be more legitimate than others, but MRS' statement might dissuade debtors with legitimate reasons to dispute the debt not to turn the letter over and read their § 1692g(a) rights. <u>DeSantis v. Computer Credit, Inc.</u>, 269 F.3d 159 (2d Cir. 2001).

  For example, a debtor might simply does not recognize it, or question the amount of the claimed debt or how it was computed, or believes that the debt is valid but that credit has not been given for all payments made, or if two or more collection agencies have sought payment and the debtor is unsure who the creditor has authorized to act, or any of a number of other reasons which do not require that the debtor believe that the debt is not valid. Such debtors would read MRS' reference to the notice and, based on the plain text of the reference along with the required decide that § 1692g(a) does not apply to them. Or (even worse), such persons might never read the § 1692g notice, because MRS has already told them that it does not apply to them.

  The caselaw is clear that a collection letter which tells the putative debtor that the creditor "insists on payment or a valid reason for your failure to make payment" and that "In the

7

absence of a valid reason for your failure to make payment, pay the above debt...." violates the FDCPA, notwithstanding the physical presence of the §1692g(a) notice. DeSantis, supra. The Second Circuit explained that "Computer Credit's letter to plaintiff conveyed a message that arguably interfered with a correct understanding of the message required by the Act. A recipient, especially if unsophisticated, might well have understood that the collector's obligation to obtain verification would arise only if the consumer presented a valid reason for nonpayment. That would be inconsistent with the required message." DeSantis, 269 F.3d at 162.

Because MRS' form letter tells the debtor that his §1692g right is limited to the situation where he "for some reason . . . believe[s] this debt is not valid, " there is a direct textual contradiction with the statute, and the letter violates the FDCPA.

Judge Pallmeyer of this District entered summary judgment for plaintiff on a nearly identical letter in June of this year. Mendez v. M.R.S. Assocs., 2005 U.S. Dist. LEXIS 13705, at * 13-14 (N.D.Ill. June 27, 2005):

> The court agrees with Plaintiff that the language she challenges suggests that a debtor must have a valid reason for disputing the debt, despite the fact that the portion of the letter that explains the debtor's verification rights contains no such language.
>
> ****
>
> The court acknowledges that the two provisions are not necessarily contradictory; one could read the two provisions as requesting that debtors explain the nature of any dispute they have, but also allowing them the right of validation without such a reason or explanation. The Seventh Circuit has emphasized, however, that the FDCPA protects consumers from such an "apparent though not actual contradiction." Bartlett, 128 F.3d at 500 (emphasis in original); see also DeSantis, 269 F.3d at 161 ("Even if a debt collector conveys the required information, the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.").
>
> Here, the apparent contradiction between the two provisions of [MRS'] letter could lead the average unsophisticated consumer to believe that she needed a valid reason for disputing the debt in order to exercise her validation rights. [Id.; paragraph breaks added.]

This is the only decision in this District that analyzes a letter similar to the one at bar. Plaintiff is

indeed an unsophisticated consumer, who used the credit card at issue for personal and household items, only. SMF ¶¶ 3, 6. Ms. Ruth is the exact consumer that the FDCPA was designed to protect, and plaintiff herself did not understand MRS' letter. SMF ¶ 6.

Whitten v. ARS National Services, Inc., 00 C 6080, 2002 WL 1332001 (N.D. Ill., June 18, 2002), later opinion, 2002 WL 1050320 (N.D.Ill., May 23, 2002), Castro v. ARS National Services, Inc., 99 Civ. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000), and Sambor v. Omnia Credit Services, Inc., 183 F.Supp.2d 1234, 1240 (D.Haw. 2002), are analogous. In those cases, collection letters repeated the text of §1692g(a) but also told the consumer to submit "suitable dispute documentation." All three courts -- Illinois, New York and Hawaii -- held that the additional statement violated the FDCPA as a matter of law, because the debtor's right to request validation of the debt under §1692g was not conditioned upon the possession or submission of any particular type of documentation. Indeed, as pointed out in DeSantis, a debtor may exercise the right to request validation precisely because he or she does not have documentation of, or recollection of, any such debt as is claimed. See also Frey v. Satter, Beyer & Spires, 98 C 3957, 1999 WL 301650 (N.D.Ill., May 3, 1999) ("a requirement to specify the nature of the dispute is not required under 1692g(a)(3)").

"The debtor should not have to meet more onerous requirements than those imposed by statute. He usually has a hard enough time holding his own against the collectors strategies, and therefore, every additional imposition puts him at a disadvantage. The plain language of the statute merely requires the debtor to notify the collector that he is disputing the debt." Elwin Griffith, The Fair Debt Collection Practices Act – Reconciling the Interests of Consumers and Debt Collectors, 28 Hofstra L. Rev. 1, 45 (1999). Summary judgment should be entered for plaintiff.

  **B.**  **The Letters Also Violate the FDCPA Because They Are Confusing and Ambiguous as to the Amount Due.**

The letter sent to plaintiff is also confusing and misleading as to the amount claimed due, for the same reasons as the letter condemned in Chuway v. National Action

Financial Services, Inc., 362 F.3d 944, 948 (7th Cir. 2004).

In Chuway, the Seventh Circuit held that the following letter violated the FDCPA as a matter of law because it was confusing as to the amount claimed due:

> Creditor: Capital One Services, Inc.
> Reference: XXXXXXXXXXX
> Balance: $367.42
>
>                         \* \* \*
>
> CAPITAL ONE SERVICES, INC. HAS ASSIGNED YOUR DELINQUENT ACCOUNT TO OUR AGENCY FOR COLLECTION   PLEASE REMIT THE BALANCE LISTED ABOVE IN THE RETURN ENVELOPE PROVIDED.  TO OBTAIN YOUR MOST CURRENT BALANCE INFORMATION, PLEASE CALL 1-800-XXX-XXXX. OUR FRIENDLY AND EXPERIENCED REPRESENTATIVES WILL BE GLAD TO ASSIST YOU AND ANSWER ANY QUESTIONS YOU MAY HAVE.

The Court of Appeals explained:

> [I]f the letter had stopped after the "Please remit" sentence, the defendant would be in the clear. But the letter didn't stop there. It went on to instruct the recipient on how to obtain "your most current balance information." If this means that the defendant was dunning her for something more than $367.42, it's in trouble because the "something more" is not quantified. Actually, as we said, the defendant hadn't been hired to collect the *current* balance of the plaintiff's credit card debt, insofar as that current balance exceeded $367.42. The credit card company, which is to say the creditor, not the debt collector, may charge the plaintiff interest on the $367.42 between when that debt accrued and when the plaintiff finally pays and may add the interest accruing in the interim to the plaintiff's current balance. But that would not be a part of "the amount of the debt" for which the *defendant* was dunning her, and hence it would not precipitate a violation by the defendant. It would be as if between when the $367.42 debt was turned over to the defendant for collection and when the plaintiff received the dunning letter, the plaintiff had defaulted on a separate debt that she owed the credit card company. The fact that the defendant didn't add that to the debt for which it had been retained to dun the plaintiff would not result in a violation of the statute. Quite the contrary, for a debt collector has no authority to collect debts that it has not been authorized by a creditor to collect; nor was the defendant trying to do that. . . .
>
> But suppose the plaintiff was confused and thought the reference to the "current balance" meant that the defendant was trying to collect an additional debt, only not telling her how large an additional debt and thus violating the statute. Her affidavit states that she didn't know whether the defendant wanted just $367.42 or some unknown greater amount that she could discover only by calling the 800 number. Suppose she had called and discovered that her current balance was $567.42. She wouldn't know whether to mail $367.42 to the defendant or $567.42, without making a further inquiry. She might pay the larger amount thinking she would be sued otherwise, even though the extra $200 might not yet be due, let

alone overdue.

It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it. . . . Chuway, 362 F.3d at 947-48.

The letter here similarly gives an "account balance" at the top, but also states that "interest may accrue on unpaid balances." SMF ¶ 5. MRS's letter does not state whether or not interest will in fact accrue, whether interest has been added yet or whether interest will be added in the future.

Even more, nothing in the letter informs the debtor how to compute the amount to be paid, or even how to *find out* the amount MRS believes is due. An alleged debtor who receives this letter thus (1) does not have sufficient information regarding how much she must pay in order to satisfy the debt, and (2) is not instructed as to how to figure out how much she should pay to satisfy the debt. This is exactly the same problem that caused the Seventh Circuit to condemn the letter involved in Chuway.

Exacerbating these deficiencies, the letter demands that the debtor "honor your contractual obligation." SMF ¶ 5. This could refer to either the "account balance," or to the "account balance" plus the unexplained interest which "may accrue," depending on factors unknown to the debtor. Each reading is just as likely as the other.

It would have been very easy for MRS to make itself clear. For example, the letter could state, "honor your contractual obligation by paying [insert number stated above as the account balance]." Or it could have omitted the reference to "contractual obligation." Instead, by stating that the balance may be increasing, and then demanding payment of a "contractual obligation" of unspecified amount, MRS created ambiguity and failed to state the "amount of the debt" in a manner which is clear and coherent to an unsophisticated consumer (or indeed, a sophisticated reader).

Defendant's letter therefore violates 15 U.S.C. §§1692e and 1692g.

11

### IV. DEFENDANT HAS WAIVED ALL BONA FIDE ERROR DEFENSES

Defendant has expressly waived any possible bona fide error defenses. 15 U.S.C. § 1692k(c). SMF ¶ 7.

### V. CONCLUSION

For the above reasons, the Court should grant plaintiff's motion for summary judgment in favor of plaintiff and against MRS on the issue of liability.

Respectfully submitted,

  s/ Alexander H. Burke
Alexander H. Burke


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Alexander H. Burke
EDELMAN, COMBS,
    LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\11388\Pleading\summary judgment memo_Pleading.wpd

**CERTIFICATE OF SERVICE**

  I, Alexander H. Burke, hereby certify that on December 15, 2005, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which in turn sent notice of such filing to the following: David M. Schultz, dschultz@hinshawlaw.com; Todd P. Stelter, tstelter@hinshawlaw.com.

                s/ Alexander H. Burke
                Alexander H. Burke
                EDELMAN, COMBS, LATTURNER
                  & GOODWIN, LLC
                120 S. LaSalle St., 18th Floor
                Chicago, IL 60603
                (312) 739-4200
                (312) 419-0379 (FAX)
                aburke@edcombs.com